IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

                                    CASE NO.  6:25-cr-350-PGB-RMN

v.

MARK LOFTIS

**RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
COUNTS THREE AND FOUR FOR LACK OF VENUE**

The United States of America, by and through undersigned counsel, submits this response in opposition to the motion to dismiss alleging lack of venue. Doc. 28. Defendant's motion is premature. The issue Defendant wishes the Court to review regarding venue—or lack thereof—must be decided by a jury. Because the indictment sufficiently pleads venue on its face, the motion should be denied.

**FACTUAL BACKGROUND**

On December 17, 2025, the Grand Jury returned an indictment charging Defendant with one count of conspiracy to commit health care fraud and wire fraud, one count of conspiracy to defraud the United States and pay and receive kickbacks, and two counts of theft of government property. Doc. 1. In Counts Three and Four, Defendant is alleged to have received money as part of the Coronavirus Aid, Relief, and Economic Securities ("CARES") Act's Provider Relief Fund ("PRF"). *Id.* ¶¶ 29-31, 44, 49. That fund placed certain conditions on how recipients could spend the funds they received and required recipients to attest to specific terms and conditions, including about how the funds could be used. *Id.* ¶¶ 32-33. Defendant is alleged to have

received $133,715.78 of PRF funds, attested that he would agree to the terms and conditions of the program, and then stole, purloined, or converted more than $1,000 of those funds on two specific occasions for his own use and the use of others. *Id.* ¶¶ 44-49. Specifically, Defendant was charged with two instances "in the Middle District of Florida and elsewhere" of "knowingly and willfully st[ealing], purloin[ing], and convert[ing] to his own use and the use of another money or a thing of value greater than $1,000 from HHS," in violation of 18 U.S.C. §§ 641 and 2. Doc. 1 ¶ 49.

## LEGAL STANDARD

"The Constitution, the Sixth Amendment, and Rule 18 of the Federal Rules of Criminal Procedure guarantee defendants the right to be tried in the district in which the crime was committed." *United States v. Breitweiser*, 357 F.3d 1249, 1253 (11th Cir. 2004) (citation omitted). "Except as otherwise expressly provided by enactment of Congress, any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a).

"[A]n indictment is not subject to a pretrial motion to dismiss on the ground of insufficient venue." *United States v. Ruiz-Murillo*, 736 F. App'x 812, 818 (11th Cir. June 1, 2018) (citing *United States v. Snipes*, 611 F.3d 855, 866 (11th Cir. 2010)). "As with resolving other important elements contained in a charge, a jury must decide whether the venue was proper." *Snipes*, 611 F.3d at 866 (citations omitted) (holding no abuse of discretion in refusing to grant pretrial challenge to venue); *see also United States v.*

2

*Jones*, 786. F. App'x 907, 909 (11th Cir. Sept. 6, 2019) (affirming the denial of a motion to dismiss based on improper venue because "[t]his factual determination was one that must be made by the jury based on evidence developed at trial, . . . ."); *United States v. Bal*, No. 7:23-CR-62 (LAG), 2024 WL 2749149, at *2 (M.D. Ga. May 29, 2024) ("Because a determination about venue will require a factual determination about whether Defendant committed acts in violation of 18 U.S.C. § 1920 and 18 U.S.C. § 641 in the Middle District of Georgia, the question of venue is a 'question of fact that must be left to the jury to decide.'" (quoting *Jones*, 786 F. App'x at 909)).

The law in the Eleventh Circuit "is clear: in ruling on a motion to dismiss, a district court is limited to reviewing the face of the indictment and, more specifically, the language used to charge the crimes." *United States v. Williams*, No. 10-CR-150, 2010 WL 3488131, at *3 (N.D. Ga. Aug. 2, 2010) (citing *United States v. Sharpe*, 438 F.3d 1257, 1263 (11th Cir. 2006)), *report and recommendation adopted*, *United States v. Williams*, No. 10-CR-150, 2010 WL 3488130 (N.D. Ga. Aug. 30, 2010). "If a grand jury returns a facially valid indictment containing a proper statement of venue, pretrial determination of venue on the merits is improper because the issue is reserved for a jury's determination." *Ruiz-Murillo*, 736 F. App'x at 818 (citing *Snipes*, 611 F.3d at 866–67); *see also Snipes*, 611 F.3d at 866 ("'An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits.'" (quoting *Costello v. United States*, 350 U.S. 359, 363 (1956)).

3

A motion to dismiss based on venue should be denied when "[t]he government has alleged (even if in a conclusory fashion) that the [ ] offenses occurred in the [district]." *United States v. McMillian*, No. 1:23-cr-309, 2024 WL 3564854, at *3 (N.D. Ga. July 3, 2024). "An indictment need not specify the exact location of the offense, but rather must be sufficiently specific to allege that the crime was committed within the jurisdiction of the court." *United States v. Crews*, 605 F. Supp. 730, 735 (S.D. Fla. 1985) (citation omitted) (holding indictment sufficiently pled that "crime was committed within the jurisdiction of the court").

## ARGUMENT

Under the standard set forth by the Eleventh Circuit in *Snipes* and the other case law set forth above, the motion should be denied. The indictment was returned by a legally constituted and unbiased grand jury; Defendant does not assert otherwise. That valid indictment alleges that each of the offenses occurred "in the Middle District of Florida and elsewhere," Doc. 1 at 15, and therefore sufficiently pleads venue, *see, e.g.*, *United States v. Liburdi*, No. 8:24-CR-564-KKM-TGW, 2025 WL 2432485, at *4 (M.D. Fla. Aug. 22, 2025) ("As for venue, the government's allegations are sufficient. Each count as to Carbone alleges that the charged conduct 'occurred in the Middle District of Florida and elsewhere.' No more is required." (citation omitted)); *United States v. Zarif*, No. 8:22-CR-392-TPB-AAS, 2023 WL 2837531, at *2 (M.D. Fla. Apr. 7, 2023) ("In this case, the indictment alleges that the offense charged in Count One took place '*in the Middle District of Florida* and elsewhere'. Taking these allegations as true, as the

4

Court must for purposes of these motions, the Government has alleged a sufficient basis for venue in the Middle District of Florida, and Defendant's pretrial challenge to venue must be denied." (citation omitted)); *United States v. Sosa-Egas*, No. 8:21-CR-221-TPB-AAS, 2022 WL 1155322, at *2 (M.D. Fla. Apr. 19, 2022) (same). Because the Government has sufficiently pleaded venue, it is for the jury to decide if the Government can carry its burden at trial.

To the extent Defendant asks the Court to look beyond the plain language of the indictment, his request should be rejected under settled Eleventh Circuit law. *Snipes*, 611 F.3d at 866 ("Indeed, it would not [be] proper for the district court to find the appropriate venue in a pretrial evidentiary hearing."); *United States v. Okorie*, No. 2:19-CR-00626-LSC-NAD-3, 2024 WL 1726268, at *4 (N.D. Ala. Mar. 29, 2024), ("As the government argues, 'the defendant asks this Court to anticipate the facts that will be adduced at trial and to make a pretrial determination of whether the facts will be sufficient to establish venue. That is the kind of pretrial determination of venue on the merits that the Eleventh Circuit rejected in *Snipes*.'"), *report and recommendation adopted*, No. 2:19-CR-00626-LSC-NAD-3, 2024 WL 1722515 (N.D. Ala. Apr. 22, 2024); *Williams*, 2010 WL 3488131, at *4 ("Therefore, in ruling on Defendant's motion to dismiss, the Court cannot address Defendant's contentions that the Government is unable to prove venue, nor the Government's contrary argument that it can."). There is no mechanism like in a civil case to make factual findings or hold a summary judgment-like hearing regarding value. *See, e.g.*, *United States v. Critzer*, 951 F.2d 306, 307 (11th Cir. 1992) ("There is no summary judgment procedure in criminal cases.

Nor do the rules provide for a pre-trial determination of sufficiency of the evidence.");
*McMillian*, 2024 WL 3564854, at *3 (explaining that the motion to dismiss based on venue could not be granted when "the Court would have to either make factual findings relating to the charged conduct now (before trial) or employ some sort of procedural mechanism similar to summary judgment, where the Court would view the facts in the light most favorable to one of the parties" because "[t]he Court is not authorized to do either of those things" (citing *Critzer*, 951 F.2d at 307; *Williams*, 2010 WL 3488131, at *4))); *United States v. Valencia-Munoz*, No. 1:09-CR-025, 2010 WL 4962972, at *4 (N.D. Ga. Oct. 26, 2010), *report and recommendation adopted,* No. CIV. 1:09-CR-025, 2010 WL 4965873 (N.D. Ga. Dec. 1, 2010) ("Defendant is not entitled to any preliminary hearing on the issue of venue, however, . . . ."). "To permit preliminary trials on essential facts, post-indictment, would 'run counter to the whole history of the grand jury institution, . . . [and] would result in interminable delay but add nothing to the assurance of a fair trial.'" *Snipes*, 611 F.3d at 866 (quoting *Costello*, 350 U.S. at 363–64) (alterations in original).

But even if the Court were to look beyond the face of the indictment and into the underlying facts the Government must prove at trial, Defendant is incorrect that venue is in improper in this District. As reflected in discovery in this case, the evidence will establish that PRF funds were converted when paid to an entity in Middle District of Florida to further the fraud scheme rather than for the permitted purposes. Accordingly, the Government will prove that an essential element of the conduct occurred in the Middle District of Florida—that is, the conversion of government

funds.

Because Defendant is charged with converting funds to his personal use, venue is proper where the improper spending occurred. As the Eleventh Circuit recognized, under § 641 "'[c]onversion [] may be consummated without any intent to keep and without any wrongful taking, where the initial possession by the converter was entirely lawful[.]'" *United States v. McRee*, 7 F.3d 976, 982 (11th Cir. 1993) (quoting *Morissette v. United States*, 342 U.S. 246, 271–72 (1952)). "[C]onversion occurs when the accused knowingly 'misuses,' 'abuses,' or 'uses the money in an unauthorized manner.'" *United States v. Landersman*, 886 F.3d 393, 410 (4th Cir. 2018) (quoting *Morissette*, 342 U.S. at 272) (alterations omitted). "Section 641 is not a theft statute nor is it a codification of the common law of larceny. [Section 641] is much more inclusive because it covers unauthorized sale and conversion which the Court has defined as the 'misuse or abuse of property' or its use 'in an unauthorized manner.'" *United States v. Matzkin*, 14 F.3d 1014, 1020 (4th Cir. 1994) (citing *Morissette*, 342 U.S. at 272).

Courts in other districts have held that, for violations of 18 U.S.C. § 641, venue lies in the district in which the defendant converts the funds for his or her own use. *See, e.g., United States v. Hartley*, No. 3:20-CR-269, 2022 WL 54559, at *4-5 (M.D. Pa. Jan. 5, 2022) (holding venue was proper in district where defendant accessed and converted funds for his own use, even though funds were initially deposited in different district). In *Hartley*, the defendant filed false forms in New Jersey to obtain government funds, the funds were deposited into a bank account in Texas, and the defendant accessed and converted to his own use the funds in Pennsylvania. *Id.* at *4. The Court found

7

venue to be proper in the Middle District of Pennsylvania, explaining that "'any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed.'" *Id*. at *5 (quoting 18 U.S.C. § 3237(a)). "The acts of preparing and filing [the forms] that allegedly contain false statements, without more, are insufficient to violate Section 641. Indeed, Section 641 requires an act of embezzlement, theft, purloinment, or knowing conversion 'to his use or the use of another, . . . of any record, voucher, money, or thing of value of the United States or of any department or agency thereof,' which is not satisfied by the conduct of preparing and submitting the [forms]." *Id*. at *4 (quoting 18 U.S.C. § 641). Other courts have similarly held. *See, e.g.*, *United States v. McCorkle*, 688 F.3d 518, 522–23 (8th Cir. 2012); *United States v. Paulsen*, 684 F. App'x 342, 344 (4th Cir. Apr. 10, 2017).

Within the Eleventh Circuit, a district court, *United States v. Jenkins*, No. 1:11-CR-27 WLS, 2013 WL 3245206 (M.D. Ga. June 26, 2013), and later the Eleventh Circuit, *United States v. Jones*, 608 F. App'x 748 (11th Cir. 2015), upheld convictions in the Middle District of Georgia for violations of, among other statutes, 18 U.S.C. §§ 641 and 371. Although venue in the Middle District of Florida was not expressly addressed in the courts' rulings, the defendant challenged the sufficiency of the evidence where checks were stolen from Atlanta (in the Northern District of Georgia) and then distributed for cashing in Albany, George (in the Middle District of Georgia). *Jenkins*, 2013 WL 3245206, at *3.

The cases cited by Defendant do not compel a different result. In each of those cases, the crime charged was the *receipt* of the property. *See United States v. Smith*, 22 F.4th 1236, 1244–45 (11th Cir. 2022) (theft of trade secret); *United States v. Morgan*, 393 F.3d 192 (D.C. Cir. 2004) (receipt of stolen property). In those cases, the crime was complete when the defendant received the property or trade secret. *See Wilkins v. United States*, 682 F. Supp. 3d 1137, 1151–52 (S.D. Fla. 2023) (distinguishing *United States v. Smith*, explaining that "venue (as we've suggested) must be determined from the nature of the crime alleged and the location of the act or acts constituting it[,]" and "[t]he upshot is that the trade secret offense is fully consummated when the defendant steals the secret . . . .") (internal quotation omitted); *Morgan*, 393 F.3d at 196 (D.C. Cir. 2004) (violation of the second prong of 18 U.S.C. § 641, involving receipt of stolen property). Counts Three and Four do not allege that Defendant initially improperly received the PRF funds. Rather, they allege that Defendant received the PRF payment, later attested that he would use the funds in a specific manner, and subsequently converted and misused some of those funds by paying a company in the Middle District of Florida. Doc. 1 at 14. The crime was complete when Defendant misused the funds and converted them to his own use.

To the extent that Defendant asserts the funds were not improperly used or that those payments were not made with PRF funds, that is a factual issue for the jury to decide. It is sufficient that the indictment alleges that the conversion of funds occurred in the Middle District of Florida. *Id.* at 14-15. The Government will establish at trial the facts necessary to support of venue by a preponderance of the evidence. *See United*

*States v. Smith*, 918 F.2d 1551, 1557 (11th Cir. 1990) ("The government must support its choice of venue only by a preponderance of the evidence." (internal quotation marks and citations omitted)); *United States v. Crane*, 635 F. App'x 661, 662 (11th Cir. Dec. 7, 2015) (same). As such, venue is proper in this District.

## CONCLUSION

The indictment sufficiently alleges venue. Based on the foregoing, the United States respectfully requests the Court to deny Defendant's Motion to Dismiss Counts Three and Four For Lack of Venue.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

LORINDA LARYEA
Chief, Fraud Section
Criminal Division
U.S. Department of Justice

By:  */s/ Catherine Wagner*
Catherine Wagner
Acting Assistant Chief
Florida Special Bar No. A5502410
Raymond E. Beckering III
Trial Attorney
Florida Special Bar No. A5503174
Criminal Division, Fraud Section
U.S. Department of Justice
1400 New York Ave NW
Washington, DC 20005
Phone: (202) 794-0097
catherine.wagner@usdoj.gov
Phone: (202) 256-0867
raymond.beckering.iii@usdoj.gov

10

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 19, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel for Defendant.

By:    */s/ Catherine Wagner*
Catherine Wagner
Acting Assistant Chief