UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                                          Case No. 6:25-cr-350-PGB-RMN

MARK LOFTIS

**UNITED STATES' MEMORANDUM
OF LAW REGARDING FORFEITURE**

The United States of America submits this memorandum regarding the procedure governing the forfeiture sought in this case. In the event that the defendant is convicted of any or all of the offenses charged in Counts One through Four of the Indictment, this memorandum outlines why, pursuant to Federal Rule of Criminal Procedure 32.2(b)(5), the Court—and not the jury—should determine the amount of the Order of Forfeiture for criminal proceeds.

**MEMORANDUM OF LAW**

I.      **Applicable Statutes**

Count One charges the defendant with conspiracy to commit health care fraud and wire fraud, in violation of 18 U.S.C. § 1349. In pertinent part, Count Two charges the defendant with conspiracy to offer, pay, solicit, and receive kickbacks, in violation of 18 U.S.C. § 371. Counts Three and Four charge the defendant with theft of government property, in violation of 18 U.S.C. § 641. Doc. 1. If the defendant is convicted of the charged offenses, the United States will seek an Order of Forfeiture of in the amount of proceeds the defendant obtained as a result of the offenses.

The Court's authority to order civil forfeiture of property for violations of 18 U.S.C. §§ 641 and/or 1349 is found in 18 U.S.C. § 981(a)(1)(C). Section 981(a)(1)(C) provides for the civil forfeiture of any property, real or personal, which constitutes or is derived from proceeds from any offense constituting "specified unlawful activity" as defined in 18 U.S.C. § 1956(c)(7), or a conspiracy to commit such offenses. A "specified unlawful activity," as defined in 18 U.S.C. § 1956(c)(7)(F), includes "any act or activity constituting an offense involving a Federal health care offense."   A Federal health care offense includes violations of 18 U.S.C. § 1349.   *See* 18 U.S.C. § 24.

A "specified unlawful activity," as defined in 18 U.S.C. § 1956(c)(7)(D), also includes offenses listed in 18 U.S.C. § 1961(1). Specifically, 18 U.S.C. § 1961(1) includes violations of 18 U.S.C. § 641. Pursuant to 28 U.S.C. § 2461(c), the government is authorized to forfeit this property criminally, and the procedures for the forfeiture and disposition of the property are governed by 21 U.S.C. § 853.

In sentencing a person convicted of a conspiracy to pay and receive kickbacks (in violation of 18 U.S.C. § 371), the Court's authority to enter an order of forfeiture against a defendant is found in 18 U.S.C. § 982(a)(7), which authorizes the forfeiture any property, real or personal, which constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of a Federal health care offense. A conspiracy to pay and receive kickbacks is a Federal health care offense.   *See* 18 U.S.C. § 24.

## II.    Forfeiture Proceeding for Criminal Proceeds

When a defendant no longer has the criminal proceeds, or property directly traceable to the proceeds, or the government cannot locate that property, the defendant's obligation to forfeit simply takes the form of an order of forfeiture in favor of the United States. *United States v. Padron*, 527 F.3d 1156, 1161-62 (11th Cir. 2008). Federal Rule of Criminal Procedure 32.2(b)(1) provides that, where the government seeks an order of forfeiture, the Court must determine the amount of money that the defendant will be ordered to pay.

There is no constitutional right to a jury determination regarding forfeiture of property. *See United States v. Libretti,* 516 U.S. 29, 49 (1995) ("the nature of criminal forfeiture as an aspect of sentencing compels the conclusion that the right to a jury verdict on forfeitability does not fall within the Sixth Amendment's constitutional protection"). The only right to a jury trial for forfeiture proceedings is created in Federal Rule of Criminal Procedure 32.2(b)(5). *See United States v. Gaskin*, No. 00-cr-6148, 2002 WL 459005, at *9 n.3 (W.D.N.Y. 2002) (notwithstanding *Libretti*, which appears to make trial by jury on the forfeiture issue inappropriate, Rule 32.2(b)(4) gives a defendant the right to have the jury determine the forfeiture if the case was tried before a jury), *aff'd*, 364 F.3d 438 (2d Cir. 2004).[1]

---

[1] When Rule 32.2 was amended in December 2009, section (b)(4) became (b)(5).

Importantly, Rule 32.2(b)(5) provides for the right to a jury determination on the forfeiture of *specific* property only. *See* Fed. R. Crim. P. 32.2(b)(5)(A) (the court must determine if either party requests the jury "be retained to determine the forfeitability of *specific property* if it returns a guilty verdict.") (emphasis added). The Eleventh Circuit held that "a party is *not* entitled to a jury finding regarding a money judgment." *United States v. Curbelo*, 726 F.3d 1260, 1278 (11th Cir. 2013) *cert. denied*, 134 S. Ct. 962, 187 L. Ed. 2d 822 (2014). Instead, "*the court* must determine the amount of money that the defendant will be ordered to pay." *Id.* (quoting Rule 32.2(b)(1)(A)); *see also* Rule 32.2(b)(1) ("If the government seeks a *personal money judgment, the court must determine the amount of money* that the defendant will be ordered to pay.") (emphasis added). The Eleventh Circuit's holding is consistent with that of other circuits. *See United States v. Phillips,* 704 F.3d 754, 769 (9th Cir. 2012) (holding there is no statutory right to have jury determine amount of money judgment); *United States v. Gregoire*, 638 F.3d 962, 972 (8th Cir. 2011) (same)*; United States v. Tedder*, 403 F.3d 836, 841 (7th Cir. 2005) (same).

Thus, because the United States does not seek forfeiture of specific property, but only an Order of Forfeiture for the amount of criminal proceeds obtained by the defendant, the defendant is not entitled to a jury determination on the forfeiture.

## III.   Conclusion

Should the defendant request a jury determination on the amount of the Order of Forfeiture, pursuant to Rule 32.2(b)(5), the United States asks that the Court deny the request.

Respectfully Submitted,

GREGORY W. KEHOE
United States Attorney


By:   *s/Nicole M. Andrejko*
NICOLE M. ANDREJKO
Assistant United States Attorney
Florida Bar No. 0820601
400 West Washington Street, Suite 3100
Orlando, Florida 32801
Telephone: (407) 648-7560
E-Mail: Nicole.Andrejko@usdoj.gov


## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system that will send a notice of electronic filing to counsel of record.

*s/Nicole M. Andrejko*
NICOLE M. ANDREJKO
Assistant United States Attorney