UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

UNITED STATES OF AMERICA    )
                            )
    v.                      )         CASE NO: 6:25-CR-350-PGB-RMN
                            )
MARK LOFTIS                 )

DEFENDANT'S MOTION FOR CLARIFICATION
REGARDING HIS ADVICE OF COUNSEL DEFENSE

Defendant Mark Loftis respectfully requests clarification of the Court's order concerning his assertion of an advice-of counsel defense as set forth in the Order filed June 30, 2026 (Doc. 70) ruling on the Government's Supplemental Motion in Limine (Doc. 63).[1]

In the Court's discussion of the Government's motion concerning a potential derivative-advice-of-counsel defense, the Court made the following statement: "However, [Mr. Loftis] does not claim to have retained counsel, or to have made a full and complete good-faith report of all material facts to his attorney, nor did he receive advice from his counsel that was followed. (Doc. 68–generally)." Doc. 70 at 5. The Court then noted that "in this Circuit, there is no derivative advice-of-counsel defense," and ordered, "[b]ased on the record presently before the Court, the Defendant may not assert an advice-of-counsel

---

[1]    Prior to filing this motion, Mr. Loftis's counsel sent a copy to the government, which responded, "We have no objection to you filing the clarification."

defense and shall refrain from averring in the opening statement that he is relying on advice of his counsel." *Id.*

Mr. Loftis understands that these statements and orders were made in the context of the Government's motion in limine directed at a derivative-advice-of-counsel defense and the lawyers that Mr. Loftis did not retain (such as Prizm's lawyers). Mr. Loftis does not understand the Court's order to pertain to Mr. Loftis's **direct** advice of counsel defense, which will be based on his personal consultation with lawyers whom he retained during the time period covered by the indictment. *See* Ex. 1 (6/15/16 letter to the government summarizing lawyers with whom Mr. Lofits consulted at various times during the alleged conspiracies); *see also* Doc. 62 at 14-17, 21-24 (Defense Trial Brief discussing disclosure of Mr. Loftis's communications with his attorneys and categories of attorney communications that may be introduced at trial).

Mr. Loftis has produced all documents in his possession relating to those lawyers in the relevant time period and has waived attorney-client privilege over those lawyers for the relevant time period. Moreover, he plans to testify about his interactions with those lawyers and to admit multiple defense exhibits regarding those interactions, including his engagement of those lawyers. *See, e.g.,* Defense Exhibits 88 (engagement letter with Michael Silverman's law firm), 138 (engagement letter with Brady Wyatt), and 149 (engagement letter with Barnes & Thornburg). He also plans to admit

multiple defense exhibits showing how he provided information about his business to those lawyers and his discussions with those lawyers. *See, e.g.,* Defense Exhibits 92 (4/2/19 email by attorney Michael Silverman summarizing call), 111 (5/7/19 email string between Mr. Loftis and Mr. Silverman), and 139 (10/7/19 email by Mr. Loftis to attorney Rob Castle).

Although the Court's Order was issued in the narrow context of the Government's derivative-advice-of-counsel motion, the language quoted above states Mr. Loftis generally may not assert an "advice-of-counsel defense." Mr. Loftis wishes to ensure he correctly understands that the Court's Order pertains only to the derivative-advice-of-counsel defense the Government sought to preclude and not to any direct advice-of-counsel defense he may assert.

<div style="margin-left:auto">

/s/Stephen Chahn Lee
Stephen Chahn Lee (admitted *pro hac vice*)
Law Office of Stephen Chahn Lee, LLC
209 S. LaSalle St, Suite 950
Chicago, IL 60604
312-436-1790
slee@stephenleelaw.com

Andrew C. Searle, Esq.
SEARLE LAW P.A.
200 East Robinson Street, Suite 1150
Orlando, Florida 32801
Telephone: 407-952-0642
Email: andrew@searle-law.com

Attorneys for Defendant

</div>

3