**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CASE NO: 6:25-CR-350-PGB-RMN** |
| | ) | |
| **MARK LOFTIS** | ) | |

## DEFENDANT'S MOTION FOR DISCLOSURE OF GRAND JURY PROCEEDINGS AND TO DISMISS COUNT ONE

Given the government's dismissal of Counts Two, Three and Four (Dkt. 80 and 82), defendant Mark Loftis moves under Fed. R. Crim. P. 6(e)(3)(E)(i) and (ii) for disclosure of the grand jury proceedings concerning the indictment, including the government's colloquies with and instructions to the grand jurors. In the alternative, Mr. Loftis asks the Court to conduct an *in camera* review of such proceedings and then to determine whether disclosure to him is warranted.[1]

The indictment here alleged four counts that overlapped in terms of time period and subject matter:

- Count One alleges a conspiracy to commit health care fraud and wire fraud that began in September 2017 through October 2020.

- Count Two alleged a conspiracy to defraud the United States and to violate the Anti-Kickback Statute in two ways that began in March

---

[1]    Prior to filing this motion, Mr. Loftis's counsel informed the government that he would be filing such a motion. Counsel for the government said that they were opposed.

2018 through October 2020.  Count Two incorporated paragraph 37 of Count One to describe the "matter and means" of the conspiracy in Count Two and also alleged five overt acts in 2020.

- Counts Three and Four alleged theft of government funds in May and June 2020 relating to the Provider Relief Fund, which was described in paragraphs 29 through 33 of Count One.

The dismissal of Counts Two, Three and Four raises significant questions about the validity of Count One, which alleges a conspiracy that overlaps significantly with the now-dismissed charges.  Whatever problems led to the government's dismissal of Counts Two, Three and Four likely infect Count One as well.  Count Two incorporated the allegations made in Count One concerning the purpose and manner and means of the conspiracy and made no additional allegations concerning how the conspiracy was committed, other than to identify 5 specific payments.  Dkt. 1 at 13-14.  Indeed, in its response to Mr. Loftis's Motion to Dismiss Counts One and Two, the government admitted "[t]he common goal and the manner and means of this [Count Two] conspiracy are alleged to be the same as the health care and wire fraud conspiracy [charged in Count One]."  Dkt. 39 at 3.  Therefore, it is highly likely that the conduct relating to the now dismissed counts was presented to and relied upon by the grand jury when it returned a true bill for the sole remaining count, Count One.  The defects that led the government

2

to dismiss Counts Two, Three, and Four likely infected Count One and unduly influenced the grand jurors into returning a true bill with regard to this count.

A defendant may move to dismiss an indictment based on error in the grand-jury proceeding. *See* Fed. R. Crim. P. 12(b)(3)(A)(v). Accordingly, Mr. Loftis requests that the Court order the disclosure to him of the government's grand jury presentation, including its colloquy with and instructions to the jurors. In the alternative, Mr. Loftis requests that the Court review the grand jury proceedings in camera to determine if dismissal of Count One is warranted.

The Court denied Mr. Loftis's previous request for disclosure of grand jury transcripts because it found that he had not provided enough to "show that the Court's review of the instructions given to the grand jury is necessary to avoid a possible injustice that outweighs the need for continued secrecy and is narrowly tailored." Dkt. 57 at 4. Now, given that there was a problem with three of the four counts of the indictment that warranted dismissal just days before trial, the Court should find that review and/or disclosure of the grand-jury proceedings is justified. If transcripts are not available and cannot be prepared before trial, the government should be ordered to make available the recording of the proceeding.

In addition, in an abundance of caution, given that trial begins on Monday, Mr. Loftis moves at this time to dismiss Count One in order to preserve his ability to appeal this issue if necessary. *See* Fed. R. Crim. P. 12(b)(3)(A) and (B) (requiring

motion to dismiss on grounds of defects in initiating the prosecution or in the

indictment be made before trial).

/s/Stephen Chahn Lee
Stephen Chahn Lee (admitted *pro hac vice*)
Law Office of Stephen Chahn Lee, LLC
209 S. LaSalle St, Suite 950
Chicago, IL 60604
312-436-1790
slee@stephenleelaw.com

Andrew C. Searle, Esq.
SEARLE LAW P.A.
200 East Robinson Street, Suite 1150
Orlando, Florida 32801
Telephone: 407-952-0642
Email: andrew@searle-law.com

Attorneys for Defendant