UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                                          CASE NO: 6:25-cr-350-PGB-RMN

MARK LOFTIS
                    Defendant.
_____/

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR
DISCLOSURE OF GRAND JURY PROCEEDINGS
AND TO DISMISS COUNT ONE**

The United States of America, by and through undersigned counsel, respectfully files this opposition to Defendant Mark Loftis's Motion for Disclosure of Grand Jury Proceedings and to Dismiss Count One. Doc. 85. Because the Defendant offers only unsupported speculation, his current Motion fails for the same reasons his prior motion for grand jury disclosure was denied by this Court in its Order on May 6, 2026. Doc. 57 at 4.

Other than the fact that Counts Two through Four were recently dismissed, Defendant offers no justification for the grand jury disclosure he now requests. His current motion reasons backwards that because of the recent pre-trial dismissal of the kickback and theft of government property allegation in Counts Two through Four, the Government's grand jury presentation on the health care and wire fraud conspiracy alleged in Count One must "likely" be "infect[ed]" with errors. Doc. 85 at 2-3. He requests grand jury materials to explore this possibility and moves to dismiss to

1

preserve his claims. Thus, Defendant's request remains a fishing expedition for a possible dismissal motion and can be denied for that reason alone.

Defendant cannot show any evidence of a misstatement of the law before the grand jury on any of the charged counts, including those that were dismissed. Nor was there one. Dismissal of counts before trial because the Government believes it cannot prove these charges beyond a reasonable doubt based on facts it learns in trial preparation does not on its own show that there were any factual nor legal errors before the grand jury when securing an indictment. Moreover, while certain conduct alleged in Counts Two through Four factually overlapped with the allegations in Count One, Count One is a larger years-long conspiracy with substantial evidence independent from the dismissed allegations, especially Counts Three and Four which involved specific overt acts and discrete transactions, in a four-month period in 2020. Defendant's Motion should be denied.

## LEGAL STANDARD

Except for a few narrow exceptions, matters occurring before the grand jury are to remain secret. *See* Fed. R. Crim. P. 6(e). One exception is where a party seeking disclosure shows that "a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(ii). But even there, however, the presumption of secrecy applies, and the bar to disclosure remains high. As the Supreme Court has explained:

Parties seeking grand jury transcripts under Rule 6(e) must show that the

material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed. Such a showing must be made even when the grand jury whose transcripts are sought has concluded its operations . . . . For in considering the effects of disclosure on grand jury proceedings, the courts must consider not only the immediate effects upon a particular grand jury, but also the possible effect upon the functioning of future grand juries.

*Douglas Oil Co. v. Petrol Stops Nw.*, 441 U.S. 211, 222 (1979).

Accordingly, a defendant cannot succeed in obtaining grand jury materials unless he demonstrates a "compelling and particularized need" for such disclosure and shows that "such disclosure is required by the ends of justice." *United States v. Aisenberg*, 358 F.3d 1327, 1348-49 (11th Cir. 2004) (internal quotation marks omitted); *accord United States v. Burke*, 856 F.2d 1492, 1496 (11th Cir. 1988). The defendant also bears the burden of "showing that the requested materials [cover] only the particularized need." *United States v. Elliott*, 849 F.2d 554, 558 (11th Cir. 1988) (citing *Douglas Oil*, 441 U.S. at 222). The district court exercises "substantial discretion" in deciding whether grand jury transcripts should be disclosed. *Douglas Oil*, 441 U.S. at 223. Crucially, "[g]eneral or unsubstantiated allegations do not satisfy the particularized need requirement." *United States v. Collins*, 676 F. App'x 830, at 831 (11th Cir. Jan. 18, 2017) (citing *United States v. Cole*, 755 F.2d 748, 758-59 (11th Cir. 1985)); *see United Kingdom v. United States*, 238 F.3d 1312, 1321 (11th Cir. 2001) (approvingly citing *United States v. Rockwell Int'l Corp.*, 173 F.3d 757, 760 (10th Cir. 1999), for proposition that "[n]o grand jury testimony is to be released for the purpose of a fishing expedition

3

or to satisfy an unsupported hope of revelation of useful information").

"[A] general allegation that grand jury materials are necessary for the preparation of a motion to dismiss" the indictment, for example, is not enough. *Burke*, 856 F.2d at 1496; *see also United Kingdom*, 238 F.3d at 1321 ("[T]he fact that these items are being sought by defendants in a criminal case for use in defending the charges brought against them is insufficient standing alone."). Nor do "'unsubstantiated allegations of grand jury manipulation'" satisfy the standard. *United States v. Price*, 582 F. App'x 846, 849 (11th Cir. 2014) (quoting *Cole*, 755 F.2d at 759).

## ARGUMENT

On May 6, 2026, this Court denied Defendant's prior Motion for Grand Jury Disclosure, holding that Defendant's request for such materials—based on his speculative assertion that the Government had "misstated the law to the grand jury"— failed "to show that the Court's review of the instructions given to the grand jury" was "necessary to avoid a possible injustice that outweighs the need for continued secrecy" and was "narrowly tailored." [Order, D.E. 57, at 4]. Defendant's current Motion suffers from the exact same deficiencies.

Indeed, Defendant's current motion rests on several fundamental fallacies. He merely asserts that because the Government has now dismissed Counts Two through Four of the Indictment, and because the conduct charged in those allegations overlaps with some of the facts underlying the charges in Count One, there must have been misstatements of law and fact before the grand jury sufficient to dismiss Count One.

Thus, Defendant submits that he is entitled not only to the agent's testimony when the charges were presented for indictment, but to the entirety of the grand jury proceedings, including the Government's instructions on the law to the grand jurors.[1] But dismissal of distinct kickback and theft of government property charges does not automatically indicate defects in the evidence supporting the charges of a much larger health care and wire fraud conspiracy, nor in how the grand jury was instructed on the law on any of the counts charged. The Government dismissed Counts Two through Four because it came to believe during trial preparation that the expected testimony of a single witness, who did not testify before the grand jury, made it unable to meet its burden at trial in proving the overt acts of the kickback conspiracy alleged in Count Two that also were the subject transactions of Counts Three and Four.

Curiously, Defendant claims possible problems with the sufficiency of the factual evidence presented to the grand jury to support probable cause for Counts Two through Four given their dismissal, but then argues that this means the jury must have been wrongly instructed on the law pertaining to the health care fraud and wire fraud conspiracy in Count One. One simply does not follow the other. The elements necessary to prove such charges have nothing whatsoever to do with the factual evidence provided. Defendant cannot rely on speculative factual errors that he supposes were presented to the grand jury to then assert that the grand jury was

---

[1] The Government provided the grand jury testimony of the Defendant, and another fact witness in February 2026.

wrongly instructed on the law. Tellingly, Defendant cites no case holding that dismissal of counts in an indictment that may factually overlap with the remaining charges to any degree warrants grand jury disclosure, nor could he.

Further, Defendant to date has complained repeatedly about the Government's interpretation of the law necessary to prove Anti-Kickback allegations. That count is now dismissed. The Government will discuss kickbacks and bribes in proving the health care and wire fraud conspiracy alleged in Count One as alleged in the Indictment, but will also show the Defendant knew that durable medical equipment billed to federal government health care programs involving the use of wires was not medically necessary and/or provided as billed. Defendant cannot plausibly argue the grand jury was improperly instructed on the law regarding health care and wire fraud, nor that such evidence, if proven, would not constitute health care fraud and wire fraud.

Moreover, the indictment in this case is valid on its face as to the heath care and wire fraud conspiracy charged in Count One. An indictment valid on its face is not subject to challenge that the grand jury indicted based on inadequate or incompetent evidence. As the Supreme Court held:

> If indictments were to be held open to challenge on the ground that there was inadequate or incompetent evidence before the grand jury, the resulting delay would be great indeed. The result of such a rule would be that before trial on the merits a defendant could always insist on a kind of preliminary trial to determine the competency and adequacy of the evidence before the grand jury. This is not required by the Fifth Amendment.

*Costello v. United States*, 350 U.S. 359, 363 (1956).

Finally. Defendant merely assumes that because the grand jury was given factual evidence about counts the Government has now dismissed, the grand jury must have received, and relied upon, incorrect evidence in a material way that otherwise would have prevented the return of a true bill. These conclusory opinions regarding sufficiency of the evidence hardly constitute a showing of a particularized need for the requested material. Defendant's speculation is precisely the sort of "'unsupported hope of revelation of useful information,'" *United Kingdom*, 238 F.3d at 1321 (quoting *Rockwell Int'l Corp.*, 173 F.3d at 760), that is insufficient to meet his burden of showing a compelling and particularized need for grand jury disclosure.

In short, this is a fishing expedition. In the end, Defendant is alleging in conclusory fashion that because the Government dismissed Counts Two through Four, the grand jury relied on erroneous evidence or law presented by the Government. This did not happen. While the Government chose to dismiss Counts Two through Four because of isolated and narrow factual issues, the grand jury was presented with a great deal of evidence independent of this particular witness regarding the health care and wire fraud conspiracy alleged in Count One. That independent evidence was more than enough to support the return of the Indictment on Count One. Defendant has not and cannot offer evidence of any abuse of grand jury process or bad faith by the Government. His "unsubstantiated allegations" of impropriety should

therefore be rejected and his motion should be denied. *Cole*, 755 F.2d at 759.

With that said, the Government has and can provide the Court the grand jury transcript of the testifying agent when the Indictment was returned for *en camera* review. The Government does not have in its possession the colloquy and instructions on the law given to this grand jury by the prosecutor. The Government submits there is no need whatsoever for this Court to review it.

## CONCLUSION

For the foregoing reasons, Defendant's Motion should be denied.

<div style="margin-left: 40%;">

Respectfully Submitted,

GREGORY W. KEHOE
United States Attorney

LORINDA LARYEA
Chief, Fraud Section
Criminal Division
U.S. Department of Justice

By:     */s/ Catherine Wagner*
        Catherine Wagner
        Acting Assistant Chief
        Florida Special Bar No. A5502410
        Raymond E. Beckering III
        Trial Attorney
        Florida Special Bar No. A5503174
        Criminal Division, Fraud Section
        U.S. Department of Justice
        1400 New York Ave NW
        Washington, DC 20005
        Phone: (202) 794-0097
        catherine.wagner@usdoj.gov
        Phone: (202) 262-8176
        raymond.beckering.iii@usdoj.gov

</div>

**CERTIFICATE OF SERVICE**

I hereby certify that on July 5, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel for Defendant.

By:    */s/ Catherine Wagner*
Catherine Wagner
Acting Assistant Chief