UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO. 6:25-cr-00350-PGB-RNN

MARK LOFTIS

**<u>AMENDED JOINT PROPOSED JURY INSTRUCTIONS</u>**

The United States of America and the defendant, Mark Loftis, respectfully request that the Court charge the jury with the following instructions at the conclusion of evidence in the above-captioned case pursuant to Rule 30(a) of the Federal Rules of Criminal Procedure. Unless noted otherwise, these instructions were drafted using the December 2025 version of the Eleventh Circuit's Pattern Jury Instructions for Criminal Cases. Also attached is a proposed verdict form.

Consistent with the Court's order, Dkt. 60, the instructions sought that are not agreed to by the parties are marked with the party seeking the instruction at the top of the page, and the other party's objection is listed in a footnote. For ease of review, proposed instructions by Defendant which the Government objects to are italicized. Proposed instructions by the Government that Defendant objects to are in bold.

With that said, Defendant requests that he be referred to as "Mark Loftis" or "Mr. Loftis" rather than "the defendant" throughout. The Government objects to this deviation from the Pattern Instructions but does not object to referring to Defendant as "the defendant Mark Loftis." Because this edit would occur throughout

the instructions and result in two sets of instructions, defeating the purpose of this joint filing, the objection is explained the first time it occurs in a footnote and then indicated with bold and italics throughout the instructions.

The parties also request permission to propose such additional instructions as may become appropriate based on the testimony and evidence presented at trial, as the parties could not reach agreement on providing witness lists or exhibits before these instructions were prepared.   Pursuant to Rule 30(b) of the Federal Rules of Criminal Procedure, the parties request that the Court inform them prior to closing argument which instructions the Court will give to the jury.

Respectfully Submitted,

GREGORY W. KEHOE
United States Attorney

LORINDA LARYEA
Chief, Fraud Section
United States Department of Justice
Fraud Section, Criminal Division

By:   */s/ Catherine Wagner*
Catherine Wagner
Acting Assistant Chief
Florida Special Bar No. A5502410
Raymond Beckering III
Trial Attorney
Criminal Division, Fraud Section
U.S. Department of Justice
1400 New York Ave NW
Washington, DC 20005
Phone: (202) 794-0097
Email: catherine.wagner@usdoj.gov
Phone No.: (202) 262-8176
Email: Raymond.Beckering.III@usdoj.gov

2

*Counsel for the United States*

/s/ Stephen Chahn Lee
Stephen Chahn Lee
Admitted *pro hac vice*
Law Office of Stephen Chahn Lee, LLC
209 S. LaSalle St, Suite 950
Chicago, IL 60604
Telephone: 312-436-1790
Email: slee@stephenleelaw.com

Andrew C. Searle, Esq.
SEARLE LAW P.A.
200 East Robinson Street, Suite 1150
Orlando, Florida 32801
Telephone: 407-952-0642
Email: andrew@searle-law.com

*Counsel for Defendant*

## CERTIFICATE OF CONFERENCE

I hereby certify that on July 13 and 14, 2026, I conferred with counsel for Defendant, who joins this filing unless indicated otherwise within the jury instructions.

By:   */s/ Catherine Wagner*
Catherine Wagner

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

By:   */s/ Catherine Wagner*
Catherine Wagner

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO. 6:25-cr-350-PGB-RMN

MARK LOFTIS

**B1**
**COURT'S INSTRUCTIONS TO THE JURY**

Members of the Jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case. After I've completed these instructions, you will go to the jury room and begin your discussions – what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find **the defendant** *Mark Loftis* guilty beyond a reasonable doubt.

1

**B2.1**
**The Duty to Follow Instructions and the Presumption of Innocence[1]**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against **the Defendant** *Mark Loftis* or the Government. You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law. The indictment or formal charge against a defendant isn't evidence of guilt. The law presumes every defendant is innocent. **The Defendant** *Mark Loftis* does not have to prove his innocence or produce any evidence at all. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find **the Defendant** *Mark Loftis* not guilty.

---

[1] The parties respectfully request leave to suggest the alternative pattern instruction for when a Defendant does not testify if Defendant chooses not to testify.

**B3**
**Definition of "Reasonable Doubt"**

The Government's burden of proof is heavy, but it doesn't have to prove **the defendant** *Mr. Loftis*'s guilt beyond all <u>possible</u> doubt. The Government's proof only has to exclude any "reasonable doubt" concerning **the defendant** *Mr. Loftis*'s guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that **the defendant** *Mr. Loftis* has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

3

**B4**
**Consideration of Direct and Circumstantial Evidence;**
**Argument of Counsel; Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

**B5**
**Credibility of Witnesses**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?
- Did the witness have any particular reason not to tell the truth?
- Did the witness have a personal interest in the outcome of the case?
- Did the witness seem to have a good memory?
- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?
- Did the witness appear to understand the questions clearly and answer them directly?
- Did the witness's testimony differ from other testimony or other evidence?

5

**B6.5**
**Impeachment of Witnesses Because of Inconsistent Statements or Felony
Conviction (Defendant with no Felony Conviction Testifies)[2]**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial. To decide whether you believe a witness, you may consider the fact that the witness has been convicted of a felony or a crime involving dishonesty or a false statement. But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of the misstatement may depend on whether the misstatement was about an important fact or about an unimportant detail. A defendant has a right not to testify. But since the Defendant did testify, you should decide whether you believe the Defendant's testimony in the same way as that of any other witness.

---

[2] The parties include this instruction in case it is applicable at trial. If the issue is not raised, the parties will not seek to include this provision. The parties will propose a different instruction if Defendant does not testify at trial.

6

**B7**
**Expert Witness**

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

**S4.1**
**Similar Acts Evidence[3]**
**(Rule 404(b), Fed. R. Evid.)**

During the trial, you heard evidence of acts allegedly done by **the defendant** *Mr. Loftis* on other occasions that may be similar to acts with which the defendant is currently charged. This evidence is admitted and may be considered by you for the limited purpose of assisting you in determining whether **the defendant** *Mr. Loftis* had the state of mind or intent necessary to commit the crimes charged in the indictment, whether **the defendant** *he* had a motive or the opportunity to commit the acts charged in the indictment, whether **the defendant** *he* acted according to a plan or in preparation to commit a crime, and/or whether **the defendant** *he* committed the acts charged in the indictment by accident or mistake.

You may not consider this evidence for any other purpose.

**The defendant** *Mr. Loftis* is currently on trial only for the crimes charged in the indictment. You may not convict a person simply because you believe that person may have committed an act in the past that is not charged in the indictment.

---

[3] This provision is included in case the issue is raised at trial. If the issue is not raised, the parties will not seek to include this provision.

8

## S1.2
### Testimony of Accomplice with Plea Agreement
### The Government's Version

You must consider some witnesses' testimony with more caution than others.

In this case, the Government has made a plea agreement with one or more accomplices in exchange for his or her testimony. Such "plea bargaining," as it's called, provides for the possibility of a lesser sentence than the accomplice would normally face. Plea bargaining is lawful and proper, and the rules of this court expressly provide for it.

But a witness who hopes to gain more favorable treatment may have a reason to make a false statement in order to strike a good bargain with the Government.

So while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

And the fact that a witness has pleaded guilty to an offense isn't evidence of the guilt of any other person.

*S1.2*
*Testimony of Accomplice with Plea Agreement*
*Defendant's Version[4]*

*You must consider some witnesses' testimony with more caution than others.*

*In this case, the Government has made a plea agreement with Vince Carter, Zeeshan Hayat, Arthur Henderson, Charles Kasbee, William Novack, Charles Schwartz, and Dustin York, in exchange for their testimony. Such "plea bargaining," as it's called, provides for the possibility of a lesser sentence than these people would normally face. Plea bargaining is lawful and proper, and the rules of this court expressly provide for it.*

*But a witness who hopes to gain more favorable treatment may have a reason to make a false statement in order to strike a good bargain with the Government.*

*So while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.*

*And the fact that a witness has pleaded guilty to an offense isn't evidence of the guilt of any other person.*

---

[4] The Government objects to the inclusion of this list of names in the jury instruction as this deviation from the Eleventh Circuit's Pattern Instructions is unnecessary. The jury will hear in testimony which witnesses fall within this instruction. Further, this list includes witnesses the Government did not call at trial and includes a witness who is not testifying pursuant to a plea agreement, William Novack. Mr. Loftis's position is that the government's position on this instruction confuses the members of the alleged conspiracies with the convicted persons whom the government intends to call at trial. The people who testify for the government in hope of getting more favorable treatment at sentencing should be specifically named.

10

**S12**
**Character Evidence[5]**

Evidence of a defendant's character traits may create a reasonable doubt.

You should consider testimony that a defendant is an honest and law-abiding citizen along with all the other evidence to decide whether the Government has proved beyond a reasonable doubt that the Defendant committed the offense.

---

[5] This instruction is included in case the issue is raised at trial. If the issue is not raised, the parties will not seek to include this instruction.

**Civil Regulations[6]**
**The Government's Version**

During this trial, you have heard evidence regarding civil statutes, rules, and regulations. This is not a civil case. The Defendant is not on trial for violating civil statutes, rules, or regulations. Even if you find that the Defendant violated applicable civil statutes, rules, or regulations, that alone would not be a criminal violation. However, civil statutes, rules, and regulations may be relevant to determining whether the Defendant acted with criminal intent, that is, by acting knowingly and willfully or with the specific intent to defraud Medicare, TRICARE, and CHAMPVA.

---

[6] This instruction is modeled after the instructions given in *United States v. French*, 8:24-cr-00156-SJM-NHA, ECF No. 144 (M.D. Fla. Feb. 3, 2026).

12

## Civil Regulations
### Defendant's Version[7]

*During this trial, you have heard evidence regarding alleged violations of civil statutes,*

*rules, regulations, and an advisory opinion issued by the Department of Health and Human*

*Services.    You have also heard of acts that you may find to be improper and unethical or wrong*

*in some way.*

*This is not a civil case. Mr. Loftis is charged with the specific crimes set forth in the*

*indictment.    Evidence of a violation of a guideline or regulation or advisory opinion or ethical*

*principle, standing alone, is insufficient to establish the commission of the crimes charged here.*

---

[7] *Mr. Loftis proposes this specific instruction to account for two things that are unusual about this case.   First, the jury has heard a lot of testimony about an HHS advisory opinion that has not been adopted by a court as a correct statement of the law and that contradicts the law set forth by the Eleventh Circuit in United States v. Vernon, 723 F.43d 1234, 1252-56 (11th Cir. 2013) (finding that payments violated the Anti-Kickback Statute because they were made to "the relevant decisionmaker, Lori Brill" "for the purpose of inducing Brill to refer her Medicaid clients to Medfusion for prescription-filling purposes," and finding that the Eleventh Circuit willfulness pattern instruction correctly states mens rea for Anti-Kickback violation).   Second, the government has asked witnesses questions about whether things were done "the wrong way," which is vague and invites a possible conviction for conduct that may be "wrong" in some way but not illegal.*

The Government does not object to the inclusion of an instruction on civil regulations, although such an instruction is not part of the Eleventh Circuit's Pattern Jury Instructions. The Government proposes using the instruction on civil regulations recently used in another similar case in this district. *United States v. French*, 8:24-cr-00156-SJM-NHA, ECF No. 144 (M.D. Fla. Feb. 3, 2026). The Government objects to Defendant's proposed instruction, which does not have a clear source. The Government objects to using a civil regulations instruction to re-frame knowing and willful intent. Further, the reference to ethical principles has nothing to do with civil regulations and will confuse the jury. The Government does not intend to argue that Defendant should be convicted because he violated ethical principles. Negligence supervision also is not related to the issue of civil regulations and should be excluded from such an instruction.

*It is the government's burden to prove that Mr. Loftis violated a statute specifically charged in the indictment and did so with the specific knowledge or intent required by law.   This standard is not necessarily satisfied by allegations or evidence of anyone's noncompliance with guidance documents, regulations, advisory opinions, or ethical principles. Stated simply, you cannot convict based upon the violation of a guidance document, regulation, or ethical principle. Nor can you convict based on Mr. Loftis's negligence or negligent supervision of people he worked with.*

*At the same time, civil statutes, rules, and regulations may be relevant to determining whether Mr. Loftis acted with knowingly, willfully, with the specific intent to defraud Medicare, TRICARE, and CHAMPVA.*

14

**S12**
**Character Evidence[8]**

Evidence of a defendant's character traits may create a reasonable doubt.

You should consider testimony that **the defendant** *Mr. Loftis* is an honest and law-abiding citizen along with all the other evidence to decide whether the Government has proved beyond a reasonable doubt that **the defendant** *Mr. Loftis* committed the offense.

---

[8] This instruction is included in case the issue is raised at trial. If the issue is not raised, the parties will not seek to include this instruction.

**Trial Charts and Summaries**
**(Middle District of Florida Instruction)**
**The Government's Version**

Certain exhibits in the form of charts, summaries, calculations, and the like have been received in evidence. Such exhibits are received in evidence where voluminous writings, documents and records are involved. These exhibits are available for your assistance and convenience in considering the evidence.

*Trial Charts and Summaries*
*Defendant's Version[9]*

Certain exhibits in the form of charts, summaries, calculations, and the like have been received in evidence. Such exhibits are received in evidence where voluminous writings, documents and records are involved. These exhibits are available for your assistance and convenience in considering the evidence. Charts and summaries are not necessarily accurate and are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

---

[9] The Government objects to this modification of the standard instruction given in this District. Any issue with a summary chart can be raised by the parties during trial, including on cross-examination.

17

## S5
## Note-taking

You've been permitted to take notes during the trial. Most of you – perhaps all of you – have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations. You must not give your notes priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

**B8**
**Introduction to Offense Instruction**

The indictment charges one set of crimes, called a "count," against the Defendant. You'll be given a copy of the indictment to refer to during your deliberations.

Count 1 charges that the Defendant knowingly and willfully conspired to commit health care fraud and/or wire fraud.

## B8.1
## Conjunctively Charged Count

Where a statute specifies multiple alternative ways in which an offense may be committed, the <u>indictment</u> may allege the multiple ways in the conjunctive, that is, by using the word "and." If only <u>one</u> of the alternatives is proved beyond a reasonable doubt, that is sufficient for conviction, so long as you agree unanimously as to that alternative.

**B9.2**
**On or About a Particular Date**

You'll see that the indictment charges that a crime was committed "on or about" or "in or around"[10] a certain date. The Government doesn't have to prove that the offense occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

---

[10] The Government proposes adding this language to this instruction as "on or about" and "in or around" are both used in the Indictment to qualify dates.

21

## B10.1
## Caution: Punishment (Single Defendant, Single Count)

**I caution you that the defendant *Mr. Loftis* is on trial only for the specific crime charged in the indictment. You're here to determine from the evidence in this case whether the defendant *Mr. Loftis* is guilty or not guilty of that specific** crime. You must never consider punishment in any way to decide whether **the defendant** *Mr. Loftis* is guilty or not guilty. If you find **the defendant** *Mr. Loftis* guilty, the punishment is for the Judge alone to decide later.

**Venue[11]**
**The Government's Version**

The indictment alleges that some acts in furtherance of the crime charged occurred in the Middle District of Florida. There is no requirement that all aspects of the crime charged or the entire conspiracy take place in the Middle District of Florida. Before you return a verdict of guilty on the charged Count, however, if that is your decision, the Government must convince you that some act in furtherance of the crime charged or one of the expressly contemplated effects of the act took place in the Middle District of Florida.

The Middle District of Florida comprises the following counties: Baker, Bradford, Brevard, Charlotte, Citrus, Clay, Collier, Columbia, DeSoto, Duval, Flagler, Glades, Hamilton, Hardee, Hendry, Hernando, Hillsborough, Lake, Lee,

---

[11] There is no pattern jury instruction in the Eleventh Circuit for venue. This instruction is modeled after Ninth Circuit Model Jury Instruction 6.32. Mr. Loftis objects to a general instruction on venue, and his count-specific versions of venue appear later in this document. Mr. Loftis specifically objects to the government's reference to "effects of the act" establishing venue, which has no support for the charges here based on Eleventh Circuit case law. *See United States v. Smith*, 22 F.4th 1236, 1243-44 (11th Cir. 2022) (rejecting the government's arguments that the effects of a crime are a basis for venue unless the offenses "contained an essential element of the crime that we understood to be defined in terms of the effect of an act," as in an obstruction of justice case or a failure to pay child support case)*, affirmed*, 599 U.S. 236 (2023), *United States v. Bradley*, 644 F.3d 1213 (11th Cir. 2011) (discussing venue in a conspiracy case terms of the performance of overt acts by a defendant and co-conspirators, without separate reference to effects). *See also Abouammo v. United States*, 608 U.S. ___, 2026 WL 1686084, *2 (2026) (rejecting government's argument that venue can be based on effectsfsz when the effects "were not elements of [a defendant's] crime and cannot figure in determining where his crime was committed"). He also objects to the government's reference to "some act" without specifying that the act must be done by Mr. Loftis or a co-conspirator.

Manatee, Marion, Nassau, Orange, Osceola, Pasco, Pinellas, Polk, Putnam, St. Johns, Sarasota, Seminole, Sumter, Suwannee, Union, and Volusia.

Unlike all the specific elements of the crime charged that I have described elsewhere in these instructions, this fact regarding venue need only be proven by a preponderance of the evidence. This means the Government need only convince you, for the charged Count, that it is more likely than not that some act in furtherance of the crime charged or part of the conspiracy took place here.

The Government, however, must prove all the offense-specific elements of the crime charged, as I have described elsewhere in these instructions, beyond a reasonable doubt. The lesser standard of preponderance of the evidence applies only to your decision on the issue of venue.

*Venue for Count One[12]*
*Defendant's Instruction[13]*

The indictment alleges that the conspiracy alleged in Count One occurred in the Middle District of Florida. There is no requirement that the entire conspiracy take place in the Middle District of Florida. The Government must prove by a preponderance of the evidence that the conspiracy took place in the Middle District of Florida.

The Middle District of Florida comprises the following counties: Baker, Bradford, Brevard, Charlotte, Citrus, Clay, Collier, Columbia, DeSoto, Duval, Flagler, Glades, Hamilton, Hardee, Hendry, Hernando, Hillsborough, Lake, Lee, Manatee, Marion, Nassau, Orange, Osceola, Pasco, Pinellas, Polk, Putnam, St. Johns, Sarasota, Seminole, Sumter, Suwannee, Union, and Volusia.

Unlike all the specific elements of the crimes charged that I have described elsewhere in these instructions, this fact regarding venue need only be proven by a preponderance of the evidence. This means the Government need only prove that it is more likely than not that part of the conspiracy took place here.

---

[12] The 11th Circuit does not have a pattern jury instruction for venue or for statute of limitations. Mr. Loftis's instruction is based on the Fifth Circuit's pattern jury instruction 1.20 (venue – conspiracy). *See also United States v. Crane*, 635 F. App'x 661 (11th Cir. 2015) (government must prove venue by a preponderance of the evidence).

[13] The Government objects to the Defendant's instruction because the Government is not required to prove that the conspiracy occurred in the Middle District of Florida, only that acts in furtherance of the conspiracy occurred in the Middle District of Florida. The Indictment includes the standard "in the Middle District of Florida and elsewhere" language. The Defendant's instruction incorrectly would leave a jury to believe that the Government must establish that the agreement or the conspiracy itself occurred in the Middle District of Florida.

**B11**
**Duty to Deliberate**

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**B12**
**Verdict**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict form]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal. The marshal will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time.

**O54**
**Conspiracy to Commit Health Care Fraud and Wire Fraud (18 U.S.C. § 1349)[14]**
**The Government's Version**

It's a Federal crime to knowingly and willfully conspire or agree with someone to do something that, if actually carried out, would result in the crime of health care fraud and/or wire fraud.

A "conspiracy" is an agreement by two or more persons to commit an unlawful act. In other words, it is a kind of partnership for criminal purposes. Every member of the conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that all the people named in the indictment were members of the plan, <u>or</u> that those who <u>were</u> members made any kind of formal agreement. The heart of a conspiracy is the making of the unlawful plan itself, so the Government does not have to prove that the conspirators succeeded in carrying out the plan.

The Defendant can be found guilty of this conspiracy offense only if all the following facts are proved beyond a reasonable doubt:

(1) two or more persons, in some way or manner, agreed to try to accomplish

---

[14] This is modified from the pattern instruction to reflect a conspiracy to commit health care fraud and wire fraud, rather than mail fraud. As noted in his version, Mr. Loftis objects to a description of the conspiracy without reference to the specific people whom the government alleges are members of the conspiracy, especially since the indictment did not name any such members, a practice that seems inconsistent with the jury instructions, which contemplate that such persons were named in the indictment, as referenced in the language proposed by the government above. *See* O13.1 ("The government does not have to prove that all the people named in the indictment were members of the plan…"), O54 ("The government does not have to prove that all the people named in the indictment were members of the plan…").

28

a common and unlawful plan to commit health care fraud and/or wire fraud, as charged in the indictment; and

(2) the Defendant knew the unlawful purpose of the plan and willfully joined in it.

A person may be a conspirator even without knowing all the details of the unlawful plan or the names and identities all of the other alleged conspirators.

If the Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan – and willfully joined in the plan on at least one occasion – that's sufficient for you to find the Defendant guilty.

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests doesn't establish proof of a conspiracy. Also, a person who doesn't know about a conspiracy but happens to act in a way that advances some purpose of one doesn't automatically become a conspirator.

***Count One***
***O54***
***Conspiracy to Commit Health Care Fraud and Wire Fraud (18 U.S.C. § 1349)***
***Defendant's Version***[15]

*Count One of the indictment is for the crime of conspiracy to commit health care fraud and wire fraud. It's a Federal crime to knowingly and willfully conspire or agree with someone to do something that, if actually carried out, would result in the crime of health care fraud and/or wire fraud.*

*A "conspiracy" is an agreement by two or more persons to commit an unlawful act. In other words, it is a kind of partnership for criminal purposes. Every member of the conspiracy becomes the agent or partner of every other member.*

*The Government has alleged that Mark Loftis, Karina Hayat, Zeeshan Hayat, Charles Kasbee, William Novack, Arthur Henderson, Peter Roussinicolos, Charles Schwartz, Greg Simms, and others are members of the conspiracy charged in Count One.*

*The Government does not have to prove that all these people were members of the plan,*

---

[15] The Government objects to Defendant's modification of the Pattern Jury Instruction, including the list of certain individuals by name and the addition of language regarding criminal intent that is better addressed as set forth in the pattern jury instructions. This list is both overinclusive and underinclusive of the members of the alleged conspiracy and would mislead the jury into believing they must find that all these individuals were co-conspirators in order to convict. Mr. Loftis requests that the jury instructions specifically identify the people who are alleged to be members of the conspiracies that are charged in this indictment, especially since the indictment did not name any such members, a practice that seems inconsistent with the jury instructions, which contemplate that such persons were indeed named in the indictment. *See* O13.1 ("The government does not have to prove that all the people named in the indictment were members of the plan…"), O54 ("The government does not have to prove that all the people named in the indictment were members of the plan…").

*or* that those who *were* members made any kind of formal agreement. *The heart of a conspiracy is the making of the unlawful plan itself, so the Government does not have to prove that the conspirators succeeded in carrying out the plan.*

*Mr. Loftis can be found guilty of this conspiracy offense only if all the following facts are proved beyond a reasonable doubt:*

> (3) *two or more persons, in some way or manner, agreed to try to accomplish a common and unlawful plan to commit health care fraud and/or wire fraud, as charged in the indictment; and*

> (4) *Mr. Loftis knew the unlawful purpose of the plan and willfully joined in it.*

*In addition, Mr. Loftis can only be found guilty of this crime if there is proof beyond a reasonable doubt of the degree of criminal intent necessary for the intended crimes that were the object of the conspiracy, which I will explain in describing the crimes of health care fraud and wire fraud.*[16]

*A person may be a conspirator even without knowing all the details of the unlawful plan or the names and identities all of the other alleged conspirators.*

*If Mr. Loftis played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan – and willfully joined in the plan on at least one occasion – that's*

---

[16] Mr. Loftis has included this paragraph to make clear that the jury must find that Mr. Loftis acted with "the degree of criminal intent necessary for the substantive offense" that he is charged with conspiring to commit. *See United States v. Duran*, 596 F.3d 1283, 1296 (11th Cir. 2010) ("For a conviction of conspiracy, there must be proof of (1) an agreement between two or more persons, (2) an unlawful purpose, and (3) an overt act committed by one of the coconspirators in furtherance of the conspiracy. In addition, 'in order to sustain a judgment of conviction on a charge of conspiracy to violate a federal statute, the Government must prove at least the degree of criminal intent necessary for the substantive offense itself.'" (internal citation and quotation omitted)).

*sufficient for you to find Mr. Loftis guilty.*

*But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests doesn't establish proof of a conspiracy, nor does agreeing to do something that is not unlawful or that Mr. Loftis did not believe was unlawful.[17]*

*Also, a person who doesn't know about a conspiracy but happens to act in a way that advances some purpose of one doesn't automatically become a conspirator.*

---

[17]*See United States v. Ruan*, 56 F.4th 1291, 1299 (11th Cir. 2023) (to convict defendant of conspiracy government required to prove the conspirators "know that the aim of their agreement was illegal.").

**B9.1A**
**Knowingly; Willfully – General**
**The Government's Version**[18]

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

The word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law. While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that his conduct may be violating.

---

[18] The Government's version is taken directly from the Eleventh Circuit's Pattern Jury Instructions. The Government sees no legal basis to modify this instruction, including to add references to an "evil-meaning mind," which will confuse the jury. Mr. Loftis requests that the instructions on "knowingly," "willfully," and good faith be given in connection with the other elements of the offenses, not separately, and he explains his position on "evil-meaning mind" below with reference to the Supreme Court's decision in *Bryan v. United States*, 524 U.S. 184, 193 (1998).

33

## B9.1A Knowingly
### Defendant's Version

The word "knowingly" means that an act was done voluntarily and intentionally and

not because of a mistake or by accident.

### B9.1A Willfully
### Defendant's Version

The word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law. In order to find that Mr. Loftis acted "willfully," you must find that he acted with an evil-meaning mind, that is to say, that he acted with knowledge that his conduct was unlawful.[19]

While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that his conduct may be violating.

---

[19] Mr. Loftis recognizes that this sentence is not in the pattern jury instruction but is taken directly from the Supreme Court in *Bryan v. United States*, 524 U.S. 184, 193 (1998):

> With respect to the three categories of conduct that are made punishable by § 924 if performed "knowingly," the background presumption that every citizen knows the law makes it unnecessary to adduce specific evidence to prove that "an evil-meaning mind" directed the "evil-doing hand."[16] More is required, however, with respect to the conduct in the fourth category that is only criminal when done "willfully." The jury must find that the defendant acted with an evil-meaning mind, that is to say, that he acted with knowledge that his conduct was unlawful."

35

**S8**
**Deliberate Ignorance as Proof of Knowledge**
**The Government's Version**

If a Defendant's knowledge of a fact is an essential part of a crime, it's enough that the Defendant was aware of a high probability that the fact existed – unless the Defendant actually believed the fact didn't exist.

"Deliberate avoidance of positive knowledge" – which is the equivalent of knowledge – occurs, for example, if a defendant possesses a package and believes it contains a controlled substance but deliberately avoids learning that it contains the controlled substance so he or she can deny knowledge of the package's contents.

So you may find that a defendant knew about the possession of a controlled substance if you determine beyond a reasonable doubt that the defendant (1) actually knew about the controlled substance, or (2) had every reason to know but deliberately closed his eyes.

But I must emphasize that negligence, carelessness, or foolishness isn't enough to prove that the Defendant knew about the possession of the controlled substance.

36

*S8*
*Deliberate Ignorance as Proof of Knowledge*
*The Defendant's Version[20]*

*If a Defendant's knowledge of a fact is an essential part of a crime, it's enough that the Defendant was aware of a high probability that the fact existed – unless the Defendant actually believed the fact didn't exist.*

*"Deliberate avoidance of positive knowledge" – which is the equivalent of knowledge – occurs, for example, if a defendant possesses a package and believes it contains a controlled substance but deliberately avoids learning that it contains the controlled substance so he or she can deny knowledge of the package's contents.*

*So, if you were deciding a case where knowing possession of a controlled substance is an element of an offense, you may find that a defendant knew about the possession of a controlled substance if you determine beyond a reasonable doubt that the defendant (1) actually knew about the controlled substance, or (2) had every reason to know but deliberately closed his eyes.*

*But I must emphasize that negligence, carelessness, or foolishness isn't enough to prove that the Defendant knew about the possession of the controlled substance or whatever fact is actually at issue in the case.*

*In addition, deliberate ignorance can only be used as a substitute to prove the element of knowledge. Where the government is required to prove an additional mental state – such as willfulness or intent to defraud – the government must still independently prove that mental state*

---

[20] The Government's version tracks the Eleventh Circuit Pattern Instructions. The Government objects to the modification at the end of the Defendant's propose instruction as unnecessary and confusing.

37

*beyond a reasonable doubt.*

## S17[21]
## Good-Faith Defense
## The Government's Version

"Good faith" is a complete defense to a charge that requires intent to defraud. A defendant isn't required to prove good faith. The Government must prove intent to defraud beyond a reasonable doubt.

An honestly held opinion or an honestly formed belief cannot be fraudulent intent – even if the opinion or belief is mistaken. Similarly, evidence of a mistake in judgment, an error in management, or carelessness can't establish fraudulent intent.

But an honest belief that a business venture would ultimately succeed doesn't constitute good faith if the Defendant intended to deceive others by making representations the Defendant knew to be false or fraudulent.

---

[21] This instruction is included in case the issue is raised at trial. If the issue is not raised, the parties will not seek to include this instruction.

### S9[22]
### Good-Faith Defense to Willfulness
### The Defendant's Version[23]

"Good faith" is a complete defense to a charge that requires willfulness since good faith on the part of Mr. Loftis is inconsistent with willfulness, and willfulness is an essential part of the charge.  If Mr. Loftis acted in good faith, then he did not intentionally violate a known legal duty – that is, he did not act "willfully."   The burden of proof is not on Mr. Lofits to prove good-faith intent because a defendant does not need to prove anything.   The Government must establish beyond a reasonable doubt that the Defendant acted willfully as charged.

Intent and motive must not be confused. "Motive" is what prompts a person to act. It is why the person acts.

"Intent" refers to the state of mind with which the act is done.

---

[22] Mr. Loftis's proposed instruction is based on S9, which is captioned "Good-Fatih Defense to Willfulness (as under the Internal Revenue Code), though the Eleventh Circuit has approved the use of a good-faith instruction specifically with regards to willfulness in non-tax cases. *See United States v. Condon*, 132 F.3d 653, 657 n. 3 (11th Cir. 1998) (in a case involving false statements to the Small Business Administration, the district court "adequately addressed the concepts of willfulness and good faith" in giving an instruction that "good faith on part of the defendant is inconsistent with intent to defraud or willfulness"), *United States v. Baker*, 19 F.3d 605, 612 (11th Cir. 1994) (in a fraud case, the district court "adequately apprised the jury" of defendant's good faith defense by instructing the jury that "good faith is a complete defense to the charges in the indictment, since good faith on the part on the defendant is inconsistent with intent to defraud or willfulness, which is an essential part of the charges"), *United States v. Maxwell*, 579 F.3d 1282, 1304 (11th Cir. 2019) (in a fraud case, the district court adequately addressed a defendant's good faith defense by telling the jury that good faith is a complete defense because good faith is "inconsistent with intent to defraud or willfulness").

[23] The Government objects to this instruction as it is the instruction for an Internal Revenue Code case. The Eleventh Circuit's Pattern Jury Instructions have a good faith instruction, which the Government proposes to use, for non-Internal Revenue cases.

*If you find beyond a reasonable doubt that Mr. Loftis specifically intended to do something that is against the law and voluntarily committed the acts that make up the crime, then the element of "willfulness" is satisfied, even if the Defendant believed that violating the law was required or that ultimate good would result.*

## Involvement of Lawyers[24]
## The Government's Instruction

You have heard evidence that certain individuals or entities had lawyers. A lawyer's involvement with an individual or entity or transaction doesn't itself constitute a defense to any charge in this case.

---

[24] This instruction was modeled after the one given in *United States v. Bankman-Fried*, 22-CR-00673-LAK (S.D.N.Y. Nov. 2, 2023) (ECF No. 384 at 45). Depending on the evidence presented at trial, the United States may seek this instruction.

*Involvement of Lawyers*
*Defendant's Instruction*[25]

*You have heard evidence that certain individuals or entities had lawyers. A lawyer's involvement with an individual or entity or transaction doesn't itself constitute a defense to any charge in this case, but may be considered as to whether the government has proven the elements that it is required to prove, including whether the Defendant acted knowingly or willfully.*

---

[25] The Government objects to this instruction as the Court has ruled that reliance on counsel is limited to the confines of a good faith reliance on counsel defense. Dkt. 56 at 4 ("If the Defendant wants to argue that he lacked specific intent based on his counsel's advice, the proper vehicle is the advice-of-counsel defense accompanied by the pattern jury instruction."). The mere presence or hiring as lawyers does not meet the requirements of an advice of counsel defense. Mr. Loftis's position is that his interactions with lawyers are relevant to elements that the government must prove beyond a reasonable doubt, in addition to his advice-of-counsel defense, and that the government's position will confuse the jury.

## O13.2
## Multiple Objects of a Conspiracy
## Count One

In this case, regarding the alleged conspiracy in Count One, the indictment charges that **the defendant** *Mr. Loftis* conspired to commit health care fraud and to commit wire fraud. In other words, **the defendant** *Mr. Loftis* is charged with conspiring to commit <u>two</u> separate substantive crimes.

The Government does not have to prove that **the defendant** *Mr. Loftis* willfully conspired to commit <u>both</u> crimes. It is sufficient if the Government proves beyond a reasonable doubt that **the defendant** *Mr. Loftis* willfully conspired to commit one of those crimes. But to return a verdict of guilty, you must all agree unanimously on which of the two crimes **the defendant** *Mr. Loftis* conspired to commit.

**O53**
**Health Care Fraud (18 U.S.C. § 1347)**
**The Government's Version**

One of the objects of the conspiracy charged in Count One is the crime of health care fraud in violation of Title 18, United States Code, Section 1347, which makes it a Federal crime to knowingly and willfully execute, or attempt to execute, a scheme or artifice to defraud a health-care benefit program, or to get any of the money or property owned by, or under the custody or control of, a health-care benefit program by means of false or fraudulent pretenses, representations, or promises.

The Defendant can be found guilty of this offense only if all the following facts are proved beyond a reasonable doubt:

(1) the Defendant knowingly executed, or attempted to execute, a scheme or artifice to defraud a health-care benefit program, or to obtain money or property owned by, or under the custody or control of, a health-care benefit program by using false or fraudulent pretenses, representations, or promises;

(2) the health care benefit program affected interstate commerce;

(3) the false or fraudulent pretenses, representations, or promises related to a material fact;

(4) the Defendant acted willfully and intended to defraud; and

(5) the Defendant did so in connection with the delivery of or payment for health-care benefits, items, or services.

"Health-care benefit program" means any public or private plan or contract, affecting commerce, under which any medical benefit, item, or service is provided to any individual, and includes any individual or entity that is providing a medical

45

benefit, item, or service for which payment may be made under the plan or contract.

A health care program affects interstate commerce if the health care program had any impact on the movement of any money, goods, services, or persons from one state to another. The Government need only prove that the health care program itself either engaged in interstate commerce or that its activity affected interstate commerce to any degree. The Government need not prove that the Defendant engaged in interstate commerce or that the acts of the Defendant affected interstate commerce.

A "scheme to defraud" includes any plan or course of action intended to deceive or cheat someone out of money or property by using false or fraudulent pretenses, representations, or promises relating to a material fact.

A statement or representation is "false" or "fraudulent" if it is about a material fact that the speaker knows is untrue or makes with reckless indifference as to the truth and makes with intent to defraud. A statement or representation may be "false" or "fraudulent" when it's a half truth or effectively conceals a material fact and is made with the intent to defraud.

A "material fact" is an important fact that a reasonable person would use to decide whether to do or not do something. A fact is "material" if it has the capacity or natural tendency to influence a person's decision. It doesn't matter whether the decision-maker actually relied on the statement or knew or should have known that the statement was false.

46

To act with "intent to defraud" means to do something with the specific intent to use false or fraudulent pretenses, representations, or promises to obtain a victim's money or property through the deception. Proving intent to deceive alone, without the intent to obtain a victim's money or property through the deception, is not sufficient to prove intent to defraud.[26]

The Government doesn't have to prove all the details alleged in the indictment about the precise nature and purpose of the scheme. The Government also doesn't have to prove that the alleged scheme actually succeeded in defrauding anyone. What must be proved beyond a reasonable doubt is that the Defendant knowingly attempted or carried out a scheme substantially similar to the one alleged in the indictment.

---

[26] The Government's position is the pattern instruction should be revised because *Kousisis v. United States*, 145 S. Ct. 1382 (2025), *abrogated by United States v. Takhalov*, 827 F.3d 1307 (11th Cir. 2016). *See Kousisis*, 145 S. Ct. at 1392 ("In short, the wire fraud statute is agnostic about economic loss. The statute does not so much as mention loss, let alone require it. Instead, a defendant violates § 1343 by scheming to 'obtain' the victim's 'money or property,' regardless of whether he seeks to leave the victim economically worse off."). This part of the instruction is modeled after the one given in *United States v. French*, 8:24-cr-00156-SJM-NHA, ECF No. 144 at 33 (M.D. Fla. Feb. 3, 2026), and *United States v. Lloyd*, 25-CR-80015-MIDDLEBROOKS (S.D. Fla. Nov. 17, 2025) (ECF No. 172 at 14).

*O53*
*Health Care Fraud (18 U.S.C. § 1347)*
*The Defendant's Version[27]*

One of the objects of the conspiracy charged in Count One is the crime of health care fraud in violation of Title 18, United States Code, Section 1347, which makes it a Federal crime to knowingly and willfully execute, or attempt to execute, a scheme or artifice to defraud a health-care benefit program, or to get any of the money or property owned by, or under the custody or control of, a health-care benefit program by means of false or fraudulent pretenses, representations, or promises.

Mr. Loftis can be found guilty of this offense only if all the following facts are proved beyond a reasonable doubt:

(6) Mr. Loftis knowingly executed, or attempted to execute, a scheme or artifice to defraud a health-care benefit program, or to obtain money or property owned by, or under the custody or control of, a health-care benefit program by using false or fraudulent pretenses, representations, or promises;

(7) the health care benefit program affected interstate commerce;

(8) the false or fraudulent pretenses, representations, or promises related to a material fact;

(9) Mr. Loftis acted willfully and intended to defraud; and

(10)   Mr. Loftis did so in connection with the delivery of or payment for health-care benefits, items, or services.

"Health-care benefit program" means any public or private plan or contract, affecting commerce, under which any medical benefit, item, or service is provided to any individual, and

---

[27] The Government believes the intent to defraud definition will be more clear to the jury within the context of this instruction, and therefore asks that it be included in the instruction as proposed in the Government's version.

*includes any individual or entity that is providing a medical benefit, item, or service for which payment may be made under the plan or contract.*

*A health care program affects interstate commerce if the health care program had any impact on the movement of any money, goods, services, or persons from one state to another. The Government need only prove that the health care program itself either engaged in interstate commerce or that its activity affected interstate commerce to any degree. The Government need not prove that Mr. Loftis engaged in interstate commerce or that the acts of Mr. Loftis affected interstate commerce.*

*A "scheme to defraud" includes any plan or course of action intended both to deceive and to cheat someone out of money or property by using false or fraudulent pretenses, representations, or promises relating to a material fact.* [28]

*A statement or representation is "false" or "fraudulent" if it is about a material fact that the speaker knows is untrue or makes with reckless indifference as to the truth and makes with intent to defraud. A statement or representation may be "false" or "fraudulent" when it's a half truth or effectively conceals a material fact and is made with the intent to defraud.*

*A "material fact" is an important fact that a reasonable person would use to decide*

---

[28] Mr. Loftis believes the modification of "or" to "and" is necessary to convey the requirement that the scheme must involve a deception that is aimed at cheating the victim out of money or property. The use of "or" permits the jury to find a scheme that involves only an intent to deceive, which is inconsistent with current law. *See United States v. Takhalov*, 827 F.3d 1307, 1315 (11th Cir. 2016), altered in part on denial of rehearing by *United States v. Takhalov*, 838 F.3d 1168 (11th Cir. 2016) ("A jury cannot convict a defendant of wire fraud, then, based on misrepresentations amounting only to a deceit." (internal quotation marks and citation omitted)). The Government does not believe the case law requires this modification to the Eleventh Circuit's Model Jury Instruction, which recognizes charging in the conjunctive.

*whether to do or not do something. A fact is "material" if it has the capacity or natural tendency to influence a person's decision. It doesn't matter whether the decision-maker actually relied on the statement or knew or should have known that the statement was false.*

*The Government doesn't have to prove all the details alleged in the indictment about the precise nature and purpose of the scheme. The Government also doesn't have to prove that the alleged scheme actually succeeded in defrauding anyone. What must be proved beyond a reasonable doubt is that Mr. Loftis knowingly attempted or carried out a scheme substantially similar to the one alleged in the indictment.*

*In this context, the definitions that I have previously given regarding knowingly, deliberate ignorance, willfully, good faith, and lawyers apply.*

**Excerpt from O53**
**Intent to Defraud**
**Defendant's Instruction[29]**

In this context, to act with "intent to defraud" means to do something with the specific intent to use false or fraudulent pretenses, representations, or promises to obtain a victim's money or property through the deception. Proving intent to deceive alone, without the intent to obtain a victim's money or property through the deception, is not sufficient to prove intent to defraud.

---

[29] The Government objects to modifying the Pattern instruction to make this its own jury instruction. It is clearer to the jury when that instruction is part of the offense instruction.

51

## S17
## Good-Faith Defense

"Good faith" is a complete defense to a charge that requires intent to defraud. A defendant isn't required to prove good faith. The Government must prove intent to defraud beyond a reasonable doubt.

An honestly held opinion or an honestly formed belief cannot be fraudulent intent – even if the opinion or belief is mistaken. Similarly, evidence of a mistake in judgment, an error in management, or carelessness can't establish fraudulent intent.

But an honest belief that a business venture would ultimately succeed doesn't constitute good faith if **the defendant** *Mr. Loftis* intended to deceive others by making representations **the defendant** *Mr. Loftis* knew to be false or fraudulent.

## S18
## Good-Faith Reliance upon Advice of Counsel[30]

Good-faith is a complete defense to the charge in the indictment because the

Government must prove beyond a reasonable doubt that the Defendant acted with

intent to defraud. Evidence that the Defendant in good-faith followed the advice of

counsel would be inconsistent with such an unlawful intent.

Unlawful intent has not been proved if the Defendant, before acting:

- made a full and complete good-faith report of all material facts to an attorney
  he or she considered competent;

- received the attorney's advice as to the specific course of conduct that was
  followed; and

- reasonably relied upon that advice in good-faith.

---

[30]  This instruction is included in case the issue is raised at trial. If the issue is not raised,
the parties will not seek to include this instruction.

## O51
## Wire Fraud (18 U.S.C. § 1343)
### The Government's Version

The second object of the conspiracy charged in Count 1 is wire fraud in violation of Title 18, United States Code, Section 1343, which makes it a Federal crime to use interstate wire, radio, or television communications to carry out a scheme to defraud someone else.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) the Defendant knowingly devised or participated in a scheme to defraud someone by using false or fraudulent pretenses, representations, or promises;

(2) the false pretenses, representations, or promises were about a material fact;

(3) the Defendant acted with the intent to defraud; and

(4) the Defendant transmitted or caused to be transmitted by wire some communication in interstate commerce to help carry out the scheme to defraud.

A "scheme to defraud" means any plan or course of action intended to deceive or cheat someone out of money or property by using false or fraudulent pretenses, representations, or promises.

A statement or representation is "false" or "fraudulent" if it is about a material fact that the speaker knows is untrue or makes with reckless indifference to the truth, and makes with the intent to defraud. A statement or representation may be "false" or "fraudulent" when it is a half-truth, or effectively conceals a

54

material fact, and is made with the intent to defraud.

A "material fact" is an important fact that a reasonable person would use to decide whether to do or not do something. A fact is "material" if it has the capacity or natural tendency to influence a person's decision. It doesn't matter whether the decision-maker actually relied on the statement or knew or should have known that the statement was false.

To act with "intent to defraud" means to act knowingly and with the specific intent to use false or fraudulent pretenses, representations, or promises to obtain a victim's money or property through the deception. Proving intent to deceive alone, without the intent to obtain a victim's money or property through the deception, is not sufficient to prove intent to defraud.[31]

The Government does not have to prove all the details alleged in the indictment about the precise nature and purpose of the scheme. It also doesn't have to prove that the material transmitted by interstate wire was itself false or fraudulent; or that using the wire was intended as the specific or exclusive means

---

[31] The Government's position is the pattern instruction should be revised because *Kousisis v. United States*, 145 S. Ct. 1382 (2025), *abrogated by United States v. Takhalov*, 827 F.3d 1307 (11th Cir. 2016). *See Kousisis*, 145 S. Ct. at 1392 ("In short, the wire fraud statute is agnostic about economic loss. The statute does not so much as mention loss, let alone require it. Instead, a defendant violates § 1343 by scheming to 'obtain' the victim's 'money or property,' regardless of whether he seeks to leave the victim economically worse off."). This part of the instruction is modeled after the one given in *United States v. French*, 8:24-cr-00156-SJM-NHA, ECF No. 144 at 35 (M.D. Fla. Feb. 3, 2026), and *United States v. Lloyd*, 25-CR-80015-MIDDLEBROOKS (S.D. Fla. Nov. 17, 2025) (ECF No. 172 at 14).

of carrying out the alleged fraud; or that the Defendant personally made the transmission over the wire. And it doesn't have to prove that the alleged scheme actually succeeded in defrauding anyone.

To "use" interstate wire communications is to act so that something would normally be sent through wire, radio, or television communications in the normal course of business.

Each separate use of the interstate wire communications as part of the scheme to defraud is a separate crime.

### Second Object of Count One
### O51
### Wire Fraud (18 U.S.C. § 1343)
### The Defendant's Version[32]

The second object of the conspiracy charged in Count 1 is wire fraud in violation of Title 18, United States Code, Section 1343, which makes it a Federal crime to use interstate wire, radio, or television communications to carry out a scheme to defraud someone else.

Mr. Loftis can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

> (5) Mr. Loftis knowingly devised or participated in a scheme to defraud someone by using false or fraudulent pretenses, representations, or promises;
>
> (6) the false pretenses, representations, or promises were about a material fact;
>
> (7) Mr. Loftis acted with the intent to defraud; and
>
> (8) Mr. Loftis transmitted or caused to be transmitted by wire some communication in interstate commerce to help carry out the scheme to defraud.

A "scheme to defraud" means any plan or course of action intended both to deceive and cheat someone out of money or property by using false or fraudulent pretenses, representations, or promises[33]

---

[32] The Government believes the intent to defraud definition will be more clear to the jury within the context of this instruction, and therefore asks that it be included in the instruction as proposed in the Government's version.

[33] Mr. Loftis believes the modification of "or" to "and" is necessary to convey the requirement that the scheme must involve a deception that is aimed at cheating the victim out of money or property. The use of "or" permits the jury to find a scheme that involves only an intent to deceive, which is inconsistent with current law. *See United States v. Takhalov*, 827 F.3d 1307, 1315 (11th Cir. 2016), altered in part on denial of rehearing by *United States v. Takhalov*, 838 F.3d 1168 (11th Cir. 2016) ("A jury cannot convict a defendant of wire fraud, then, based on misrepresentations amounting only to a deceit." (internal quotation marks and citation omitted)). As

*A statement or representation is "false" or "fraudulent" if it is about a material fact that the speaker knows is untrue or makes with reckless indifference to the truth, and makes with the intent to defraud. A statement or representation may be "false" or "fraudulent" when it is a half-truth, or effectively conceals a material fact, and is made with the intent to defraud.*

*A "material fact" is an important fact that a reasonable person would use to decide whether to do or not do something. A fact is "material" if it has the capacity or natural tendency to influence a person's decision. It doesn't matter whether the decision-maker actually relied on the statement or knew or should have known that the statement was false.*

*In this context, the definitions that I have previously given regarding knowingly, deliberate ignorance, intent to defraud, good faith, and lawyers apply. The Government does not have to prove all the details alleged in the indictment about the precise nature and purpose of the scheme. It also doesn't have to prove that the material transmitted by interstate wire was itself false or fraudulent; or that using the wire was intended as the specific or exclusive means of carrying out the alleged fraud; or that Mr. Loftis personally made the transmission over the wire. And it doesn't have to prove that the alleged scheme actually succeeded in defrauding anyone.*

*To "use" interstate wire communications is to act so that something would normally be sent through wire, radio, or television communications in the normal course of business.*

*Each separate use of the interstate wire communications as part of the scheme to defraud*

---

noted above, the Government does not believe this revision to the model instruction is required.

*is a separate crime.*

### O13.3
### Multiple Conspiracies
### Defendant's Instruction[34]

Proof of several separate conspiracies isn't proof of the single, overall conspiracy charged in the indictment unless one of the several conspiracies proved is the single overall conspiracy.

You must decide whether the single overall conspiracy charged **in Count One** existed between two or more conspirators. If not, then you must find **the defendant** Mr. Loftis not guilty of that charge.

But if you decide that a single overall conspiracy did exist, then you must decide who the conspirators were. And if you decide that **the defendant** Mr. Loftis was a member of some other conspiracy – not the one charged – then you must find **the defendant** Mr. Loftis not guilty. So, to find **the defendant** Mr. Loftis guilty **of Count One**, you must all agree that **the defendant** Mr. Loftis was a member of the conspiracy charged **in Count One** – not a member of some other separate conspiracy.

---

[34] The Government does not believe that this instruction is necessary, and the Government will not offer evidence of multiple conspiracies as cautioned against in the instruction, nor will it offer evidence of conspiracies the Defendant was not a part of. This instruction will confuse the jury. Mr. Loftis requests this instruction because of his position that the government has improperly charged multiple conspiracies as a single conspiracy, as he raised before trial, and that the government will prove multiple conspiracies, not the single conspiracy alleged here.

*Anti-Kickback Statute*

*Defendant's Instruction[35]*

You have heard evidence and testimony regarding Title 42, United States Code, Section 1320a-7b, which is often referred to as the Anti-Kickback Statute.   For purposes of this trial, you should accept my instructions about what the Anti-Kickback Statute prohibits and does not prohibit, not any witness's testimony in this regard or documents that you may have seen during this trial.

The Anti-Kickback Statute prohibits knowingly and willfully offering and paying someone to induce that person to order any good, service, or item for which payment may be made in whole or in part under a Federal health care program. It also prohibits soliciting or receiving such kickbacks. For example, the Anti-Kickback Statute prohibits a company from paying a doctor in exchange for the doctor ordering from that company.

The Anti-Kickback Statute encompasses payments to people who make decisions about referrals as well as payments to people who exert influence over decisionmakers. So, the Anti-Kickback Statute is not limited to payments to doctors and also prohibits payments to non-physicians in return for referring patients, or arranging for orders for items and services.

However, the law distinguishes between a payer's intent to induce referrals, which can be

---

[35] The Government objects to this instruction. The jury is not being asked to determine if Defendant violated the elements of Anti-Kickback Statute, which has elements independent of conspiracy to commit health care and wire fraud. Both *French* and *Kochen*, which Defendant relies upon, charged kickback and/or conspiracy to pay and receive kickback counts. To the extent the jury should be instructed regarding the Anti-Kickback Statute, the instruction should be focused on payments to doctors, which are not at issue here, nor should they be taken from the parties' briefing. The Government proposed the frequently used instructions regarding the Anti-Kickback Statute in the prior version of this filing.

*illegal, and the intent to compensate advertisers, which is not illegal. In determining if the requisite intent has been proven to violate the Anti-Kickback Statute, compensation structures based on the value of each referral cannot show intent to improperly influence a referral or order without something more. For example, payments made to marketers to distribute literature about certain medical services, and to provide cookies to doctor's offices, but where the payee marketing company had no role in selecting the particular provider do not violate the Anti-Kickback Statute. In contrast, intent to exert improper influence can be found where marketers receiving payments mislead doctors about the efficacy of an item or service to induce referrals and where there are no misrepresentations but marketers have provided doctors with lavish vacations and offerings of investment to induce prescriptions.*[36]

    *The making of a payment only violates the AKS if*[37]

---

[36]    The foregoing paragraphs are taken from the government's description of the Anti-Kickback Statute in Dkt. 50, pages 2-4. For additional context, jury instructions about the Anti-Kickback Statute were recently given in *United States v. French*, 8:24-CR-156 (M.D. Florida Dkt. 144 at 27-29) (February 3, 2026) and *United States v. Kochen and Herek*, 24-CR-20078 (S.D. Florida Dkt. 329 at 25-28) (December 22, 2025).

[37]    *See United States v Vernon*, 723 F.43d 1234, 1252-56 (11th Cir. 2013) (finding that payments violated the Anti-Kickback Statute because they were made to "the relevant decisionmaker, Lori Brill" "for the purpose of inducing Brill to refer her Medicaid clients to Medfusion for prescription-filling purposes," and finding that the Eleventh Circuit willfulness pattern instruction correctly states mens rea for Anti-Kickback violation). *See also United States v. Young*, 108 F.4th 1307 (11th Cir 2024) (finding that payments violated the Anti-Kickback Statute because they were made to a person who "was a relevant decisionmaker with the ability to direct prescriptions" and that the payments were to "induce" that person "to refer prescriptions"). In a recent case in the Southern District of Florida, the district court gave a definition of "relevant decisionmaker" as "a person with the ability to decide where to direct the patient to receive the medical item or service." *See United States v. Kochen and Herek*, 24-CR-20078 (S.D. Florida Dkt. 329 at 25 and 27).

> (1) *the person making, receiving, or soliciting the payment intends to influence the payee in the payee's making of a medical decision, such as the choice of provider or treatment; and*

> (2) *the person receiving or soliciting the payment is in a position to exert influence over the medical decision the payment is intended to influence.*

> (3) *The person making the payment acted knowingly and willfully.*

*The gravamen of a violation of the Anti-Kickback Statute is inducement and not necessarily the structure of the arrangement.*[38] *The substance rather than the form of the transaction should be controlling.*[39]

---

[38]    This sentence comes from a final rule issued by the Department of Health and Human Services Office of Inspector General, Medicare and State Health Care Programs: Fraud and Abuse, OIG Anti-Kickback Provisions, 56 FR 35952-01, 1991 WL 304395, 35955 (July 29, 1991).   *See United States ex rel Westmoreland v. Amgen, Inc.*, 812 F.Supp.2d 39, 47-48 (D. Mass. 2011).

[39]    This sentence comes from a final rule issued by the Department of Health and Human Services Office of Inspector General, "Medicare and State Health Care Programs: Fraud and Abuse, OIG Anti-Kickback Provisions," 56 FR 35952-01, 1991 WL 304395, 35958 (July 29, 1991).   *See United States ex rel Westmoreland v. Amgen, Inc.*, 812 F.Supp.2d 39, 47-48 (D. Mass. 2011).

*Safe Harbor Exceptions*
*Defendant's Instruction[40]*

*Payments that might violate the Anti-Kickback Statute are not illegal if they qualify for one of the "safe harbor" exceptions recognized by federal regulations.  One such safe harbor exception is for payments that are made pursuant to personal services and management contracts. Payments that are made by a principal to an agent for the services of an agent are not prohibited by the Anti-Kickback Statute as long as all of the following standards are met:[41]*

*(i)      The agency agreement is set out in writing and signed by the parties.*

*(ii)      The agency agreement covers all of the services the agent provides to the principal for the term of the agreement and specifies the services to be provided by the agent.*

*(ii)      The term of the agreement is not less than 1 year.*

*(iv)      The methodology for determining the compensation paid to the agent over the term of the agreement is set in advance, is consistent with fair market value in arm's-length transactions, and is not determined in a manner that takes into account the volume or value of any referrals or business otherwise generated between the parties for which payment may be made in whole or in part under Medicare, Medicaid, or other Federal health care programs.*

*(v)      The services performed under the agreement do not involve the counseling or promotion of a business arrangement or other activity that violates any State or Federal law.*

---

[40] Defendant has not established the predicate for a Safe Harbor Instruction. The mere fact that certain contracts were called "Safe Harbor Agreements" does not provide the factual predicate for such an instruction. The Government would be happy to further brief this issue for the Court once the evidence is complete.

[41]      These criteria come from 42 CFR 1001.952(d)

*(vi)*    *The aggregate services contracted for do not exceed those which are reasonably necessary to accomplish the commercially reasonable business purpose of the services.*

*To receive protection, a business arrangement must fit squarely within a safe harbor; substantial compliance is not enough, although compliance is voluntary and failure to comply is not a per se violation of the Anti-Kickback Statute.*[42]

*Payment practices that do not fully comply with a safe harbor may still be lawful if no purpose of the payment practice is to induce referrals of federal health care program business.*[43]

---

[42]    This sentence is taken from *United States ex rel. Westmoreland v. Amgen, Inc.*, 812 F.Supp.2d 39, 47 (D. Mass 2011) (citing OIG Compliance Program for Pharmaceutical Manufacturers, 68 Fed. Reg. 23731, 23734 (May 5, 2003) ("compliance with a safe harbor is voluntary and failure to comply with a safe harbor does not mean an arrangement is illegal").   *See also* the HHS website at https://oig.hhs.gov/faqs/general-questions-regarding-certain-fraud-and-abuse-authorities/ ("Compliance with a safe harbor is voluntary; failure to satisfy a safe harbor does not mean that an arrangement is illegal").

[43]    This sentence is taken from a final rule issued by the Department of Health and Human Services Office of Inspector General, Medicare and State Health Care Programs: Fraud and Abuse: Clarification of the Initial OIG Safe Harbor Provisions and Establishment of Additional Safe Harbor Provisions under the Anti-Kickback Statute, 64 FR 63518-01, 63519, 1999 WL 1043469 (November 19, 1999).

***Alleged Uncharged Violations of the Anti-Kickback Statute***
***Defendant's Instruction[44]***

*The government has alleged that conduct in which Mr. Loftis is alleged to have been involved may have violated the Anti-Kickback Statute.   If you find Mr. Loftis willfully violated the Anti-Kickback Statute, you cannot convict him based on that violation alone as he has not been charged with violating that statute.   Instead, you may only convict him if you find the government has proved beyond a reasonable doubt that he committed all of the elements of the conspiracy to commit health care fraud and wire fraud charged in Count One as set forth in these instructions.*

*To prove Mr. Loftis conspired to commit health care fraud or wire fraud with regards to claims that are allegedly based on the payments of kickbacks or bribes, the government must prove beyond a reasonable doubt that Mr. Loftis made a knowing false or fraudulent representation to a federal healthcare agency such as Medicare regarding such kickbacks or bribes.   You may consider alleged violations of the Anti-Kickback Statute as circumstantial evidence that Mr. Loftis committed the charged offense but only if those alleged Anti-Kickback Statute violations occurred after the false or fraudulent representation to a federal healthcare agency was knowingly*

---

[44] As the Government briefed in its response to the Defendant's *motion in limine*, Dkt. 89, and the Court ruled in its oral motion, conspiring to receive and pay kickbacks is one way in which the Defendant is alleged to have committed health care and wire fraud. The Government will not argue that simply because the Defendant violated the Anti-Kickback Statute the jury must therefore find him guilty of health care and wire fraud without providing the elements of health fraud and wire fraud. The Defendant can object if it believes the Government is misstating the law. This instruction, especially in combination with the Defendant's proposed instruction regarding the Anti-Kickback Statute, will confuse and mislead the jury, including about what the Government's allegations are. This instruction strays from the model instructions, and the Government is not aware of a case that has given this instruction.

*and willfully made.*[45]

---

[45]   *See United States v. Medina*, 485 F.3d 1291, 1298 (11th Cir. 2007).

**Statute of Limitations for Count One[46]**

In order for you to find the defendant guilty of Count One, you must find that the government has proven beyond a reasonable doubt that the conspiracy alleged in Count One continued after November 11, 2019.   A conspiracy is deemed to continue as long as its purposes have neither been abandoned nor accomplished. A conspiracy is presumed to exist until there has been an affirmative showing that it has terminated.

---

[46] As the Eleventh Circuit does not have a pattern instruction regarding statute of limitations, the parties draw the proposed instruction from the following Eleventh Circuit case law: "'[W]ith respect to conspiracy statutes that do not require proof of an overt act, the indictment satisfies the requirements of the statute of limitations if the conspiracy is alleged to have continued into the limitations period." *United States v. Gonzalez,* 921 F.2d 1530, 1548 (11th Cir.1991) (quoting *United States v. Coia*, 719 F.2d 1120, 1124 (11th Cir. 1983)). "The conspiracy may be deemed to continue as long as its purposes have neither been abandoned nor accomplished.' Furthermore, the conspiracy 'is presumed to exist until there has been an affirmative showing that it has terminated.'" *Id.* (quoting *United States v. Butler*, 792 F.2d 1528, 1124–25 (11th Cir. 1986)).

*Venue After November 11, 2019[47]*
*Defendant's Instruction[48]*

*In addition, in order for you to find the defendant guilty of Count One, you must find*

*that the government has proven beyond a reasonable doubt that the conspiracy alleged in*

*Count One continued in the Middle District of Florida after November 11, 2019.*

---

[47]   There is no pattern jury instruction on whether venue for a conspiracy must exist within the applicable statute of limitations, and there does not appear to be any case specifically on this point.   Mr. Loftis proposes this instruction to make clear that the facts establishing venue for a conspiracy must be within the statute of limitations and to preserve this issue for possible appeal.

[48] The Government objects to this instruction because the Defendant has no case law or other support to suggest that venue must be established for the continue offense of conspiracy within the statute of limitations. "[R]ules governing venue and limitations serve distinct purposes." *United States v. Tannenbaum*, 934 F.2d 8, 13 (2d Cir. 1991) ("Indeed, '[i]mposition of a limitations requirement [for the overt acts establishing just venue] would bifurcate a conspiracy into two sets of events—those within the limitations period and those without—and thereby conflict with the fundamental nature of a "continuing crime". Absent an explicit congressional mandate, such an additional hurdle for establishing venue in a conspiracy case should not be imposed.'" (quoting *United States v. Baltimore & O.R.*, 538 F. Supp. 200, 204 (D.D.C.1982), a*ff'd on other grounds*, 717 F.2d 593 (D.C.Cir.1983))). The Government has yet to find any to support the Defendant's position but would ask for the opportunity to brief the issue if it would aid the Court.

*The Government, however, must prove all the offense-specific elements of any crime charged, as I have described elsewhere in these instructions, beyond a reasonable doubt. The lesser standard of preponderance of the evidence applies only to your decision on the issue of venue.*